449 A.2d 644

**CITIZENS NATIONAL BANK OF EVANS CITY, Appellant,**

v.

**E. H. BILOWICH CONSTRUCTION CORPORATION, Edward H. Bilowich, an individual and Shirley Bilowich, an individual.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1981.

Filed Aug. 13, 1982.

194

Richard L. McCandless, Butler, for appellant.

James K. O'Malley, Pittsburgh, for appellees.

Before HESTER, JOHNSON and MONTEMURO, JJ.

HESTER, Judge:

E. H. Bilowich Construction Corporation (hereinafter "Corporation") was incorporated in 1969 and is solely owned by Edward H. Bilowich, President. Shirley Bilowich, his wife, is the secretary of the Corporation. Beginning in 1971, the Corporation conducted its banking business with the Citizens National Bank of Evans City (hereinafter "Citizens"). Between 1971 and 1974 the Corporation had a line of credit with Citizens in varying amounts with the largest line being $150,000.00.

In 1973, Citizens' loan officer in charge of the Bilowich account was James Streily. Thereafter, Mr. Streily assisted the Corporation in obtaining bid and performance bonds in connection with its construction operations. Mr. Streily became personally involved in the Corporation's activities. He used the Corporation's office and obtained building materials through the Corporation for his own use without reimbursing the Corporation.

Testimony appears in the record to the effect that, when the Corporation wanted to secure a bond in 1975, Mr. Streily sought compensation for rendering that service.

At approximately the same time, in June of 1975, a judgment note, which is the subject of this appeal was signed by Mr. Bilowich. It was allegedly signed in blank form, and it was not explained to him. A chattel mortgage and a second judgment note were also executed by Mr. Bilowich. These documents were also signed by Lena Buzanoski, the office secretary of the Bilowich Corporation. Miss Buzanoski testified that she forged the signature of Mrs. Bilowich to all three documents, under the direction of and in the presence of Mr. Streily. Miss Buzanoski also testified that she did not inform Mrs. Bilowich that she had forged her signature to these documents until May of 1978. However, Mr. Bilowich was apparently aware of the forgery as early as December of 1975. A handwriting expert also testified that the signature was a forgery, and this fact remains undisputed.

These loan documents, which established a line of credit for the Corporation up to $110,000.00, were dated June 13, 1975. The judgment note was entered in the Prothonotary's Office in the Court of Common Pleas of Butler County on June 16, 1975 in the amount of $110,000.00 against the Corporation and against Mr. & Mrs. Bilowich individually. Notice of entry of the judgment was mailed to the business address of the Corporation by the Prothonotary on June 17, 1975. At the time, the Corporation owed Citizens $71,000.00. In June of 1975, the Bank advanced additional monies to the Corporation, so that the total loan to the Corporation was $110,000.00. Based upon a subsequent note date December 13, 1975, which was never recorded, the line of credit was increased to $150,000.00, but only a total of $135,000.00 was borrowed as of December 24, 1975. The Corporation repaid no monies on the principal amount of the loan from June 13, 1975 until July 13, 1976, when it paid $10,000.00. $15,000.00 was repaid on August 9, 1976, and $5,000.00 was repaid on September 13, 1976. When the Corporation sold a house on

July 27, 1977, the interest was brought current and $10,-000.00 was paid on principal, leaving a balance of $100,000.00 plus interest from that date. No additional payments of interest or principal were made after that date.

On May 8, 1978, the Corporation and Mr. and Mrs. Bilowich filed a Petition to Strike Off and/or Open Judgment, and a Rule was issued against Citizens to show cause why said judgment should not be striken or opened. With respect to Mrs. Bilowich, the Petition alleged that her signature was a forgery. With respect to the Corporation and Mr. and Mrs. Bilowich, the Petition alleged that the note was executed by Mr. Bilowich in blank, was completed out of his presence in an unauthorized manner and was procured by material misrepresentations. The Petition further alleged that the note was improperly filed since it did not authorize a confession of judgment except upon default or maturity. The Petition further alleged that judgment was confessed for an improper purpose; that no default had occurred; to injure the credit of the Corporation thereby forcing the Corporation and Mr. Bilowich, to tender illegal consideration to Mr. Streily in return for his obtaining bonds required in the operation of the Corporation, and further, in retaliation for the refusal to pay illegal remuneration to Streily.

Following six full days of testimony, the Court of Common Pleas of Butler County, opened the judgment as to all defendants on August 26, 1980. Citizens filed the within appeal.

With respect to the opening of a judgment by confession, Pennsylvania Rule of Civil Procedure 2959(e), 42 Pa.C.S.A., states, *inter alia*, "If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment."

A petition to open a judgment by confession must be filed promptly and must aver a meritorious defense. *First Pennsylvania Bank, N.A. v. Lehr*, 293 Pa.Super. 189, 438 A.2d 600 (Pa.Super., 1980); *Fidelity Bank v. Act of America,*

*Inc.,* 258 Pa.Super. 261, 392 A.2d 784 (1978); *Kardos v. Morris,* 470 Pa. 337, 368 A.2d 657 (1977).

■ Initially, Citizens challenges the promptness of the filing of the Petition. It argues that the Petition was not filed until two years and 11 months following the entry of the judgment by confession on June 13, 1975. With respect to Mrs. Bilowich, this challenge is without merit, since her forged signature on the judgment note renders it a nullity and without legal effect. *Harris v. Harris,* 428 Pa. 473, 239 A.2d 783 (1968).[1] Furthermore, she apparently was unaware of the forgery until May of 1978, when the Petition was filed.

■ With respect to the Corporation and Mr. Bilowich, by the Bank's own admission, all obligations of the Corporation were current as of July 27, 1977. The parties continued to conduct business throughout the remainder of 1975 and all of 1976. Accordingly, under these circumstances, there would appear to be no reason why appellees would contest the judgment until after July 27, 1977, or until the Bank attempted execution on the judgment. Furthermore, when Mr. Bilowich asked Streily about the judgment, according to his testimony, Streily replied, "Don't worry about it. It doesn't mean a thing." Mr. Bilowich further testified that he consulted several attorneys to represent him concerning negotiations with the Bank. One attorney refused to represent him because of his personal business dealings with the Bank. Another attorney did conduct negotiations with the Bank and was able to obtain a release of certain property from the judgment. However, this attorney was not willing to handle any other litigation against the Bank. Finally, Mr. Bilowich retained counsel from Allegheny County.

1. Under the circumstances of this case, we do not address any issue concerning whether Mrs. Bilowich would be estopped from denying that the signature was authentic. If the Corporation's secretary had executed her name, as a convenience, or with her knowledge or authorization, our decision may be different. However, the testimony in the instant case reveals that the signature was forged in the presence of the Bank's lending officer. Furthermore, it would seem to be standard lending procedure to require that all obligors execute a note in the Bank's presence.

Under these circumstances, we agree with the lower court that the Petition was promptly filed.

Especially in light of the allegations contained in the Petition concerning Mr. Streily, and in light of the fact that the parties continued to engage in business and the Corporation was current on its obligations as of July 27, 1977, we hold that the lower court did not abuse its discretion in entertaining the Petition to Open.

■ We also hold that the petition avers a meritorious defense with respect to all three appellees.

With respect to Mrs. Bilowich, there can be no doubt that the evidence concerning the forgery of her name, in a jury trial, would be submitted to the jury. *Reliance Insurance Company v. Liberati*, 489 Pa. 591, 414 A.2d 1049 (1980); *First Pennsylvania Bank, N.A. v. Lehr*, supra. With respect to Mr. Bilowich and the Corporation, we have previously held that "... one who signs a note containing blanks, impliedly authorizes the obligee to fill in the blanks." *M. H. Davis Estate Oil v. Sure Way Oil*, 266 Pa.Super. 64, 72, 403 A.2d 95, 99 (1979). However, in that same case, we noted that, "Whether a fraud has been committed is almost always a question of fact for the jury, provided, however, that the evidence meets the so-called higher 'equitable standard' of proof, that is to say it is 'clear, direct, precise, and convincing'. *Kadilak's Estate*, 405 Pa. 238, 174 A.2d 870 (1961)." 266 Pa.Superior Ct. at 68, 403 A.2d at 97.

As a result of Rule 2959(e), the Court is prohibited from "weighing" the sufficiency of the evidence. *Lehr*, supra, 438 A.2d at 602. In the instant case, the petition avers a meritorious defense concerning the issues of fraud and forgery, so that the lower court did not abuse its discretion in opening the judgment. (See Judge Cavanaugh's Dissent in *Lehr*, supra, 293 Pa.Superior Ct. at 202, 438 A.2d at 607; *Price v. Geller*, 292 Pa.Superior Ct. 455, 437 A.2d 763 (1981).)

Furthermore, in the instant case, the "subject matter of defense is attached to the judgment or the consideration on which it rests [Citations omitted]." *Bell Federal Savings*

*and Loan Association v. Laura Lanes, Inc.*, 291 Pa.Superior Ct. 395, 401, 435 A.2d 1285, 1288 (1981); *Kardos v. Morris*, 470 Pa. 341, 368 A.2d at 660.

Therefore, on the basis of our narrow scope of review, *Lehr*, supra, 293 Pa.Superior Ct. at 193, 438 A.2d at 602, we affirm the lower court's decision.