449 A.2d 648

The CITIZENS NATIONAL BANK OF EVANS CITY, Appellant,

v.

E. H. BILOWICH CONSTRUCTION CORPORATION.

Superior Court of Pennsylvania.

Argued Oct. 13, 1981.

Filed Aug. 13, 1982.

Richard L. McCandless, Butler, for appellant.

James K. O'Malley, Pittsburgh, for appellee.

Before HESTER, JOHNSON and MONTEMURO, JJ.

HESTER, Judge:

Reference is made to a separate Opinion of this Court involving The Citizens National Bank of Evans City and the E. H. Bilowich Construction Corporation (hereinafter "Corporation"). See *Citizens National Bank of Evans City, Aplnt. v. E. H. Bilowich Construction Corporation, Edward H. Bilowich, an individual and Shirley Bilowich, an individual,* No. 899 Pittsburgh, 1980, 302 Pa.Super. 193, 449 A.2d 644 (1982). Although the instant appeal also involves the Bank and the Corporation, the facts and issues presented must be addressed separately. On September 19, 1978, the Bank filed a short form complaint against the Corporation confessing judgment on a mortgage note executed by the Corporation on June 30, 1971 in the original amount of $25,000.00. The complaint alleged a default in the payment on said note for nine months, with $20,800.78 being due thereon including attorney's commission, late charges and costs of suit. On October 18, 1978 the Corporation filed a

Petition to Open the Judgment alleging two meritorious defenses as follows:

(1) "that the principal balance, late charges, interest and attorney's commissions claimed are inaccurate and excessive."

(2) "that [the Bank] is indebted to [the Corporation] in a sum far in excess of the amount claimed by [the Bank] in this second confession of judgment. Said claim arises out of the same series of transactions and occurrences between the parties."

The second alleged defense makes reference to the Corporation's complaint in trespass against the Bank, alleging "a scheme to deceive, defraud and extort money and favors from [the Corporation] which caused [the Corporation] to be unable to sell real estate, damaged its reputation and credit rating, [rendering it] unable to obtain bonds for its normal work, unable to transact business in its normal fashion, and to have lost a substantial amount of business thereby damaging [the Corporation] in excess of $200,000.00." This second alleged defense is the subject of the other appeal involving the Bank and the Corporation above-referenced.

The lower court opened the judgment by a memorandum and order which simply made reference to the other action between the Bank and the Corporation.

We hold, as a matter of law, that this unliquidated claim does not constitute a set-off to the mortgage note at issue. The subject matter of the defense to a judgment by confession must be attached to the judgment or the consideration on which it rests. *Bell Federal Savings and Loan Association v. Laura Lanes*, 291 Pa.Super. 395, 401, 435 A.2d 1285, 1288 (Pa.Super.1981); *Kardos v. Morris*, 470 Pa. 337, at 341–342, 368 A.2d 657 at 660 (1977).

The facts and issues involved in the other appeal between the Bank and the Corporation occurred in 1975 and thereafter. The judgment note at issue in the instant appeal was executed on June 30, 1971. There is no issue concerning the nature or execution of the mortgage note. Nor is there any

issue concerning the consideration on which it rests. Therefore, it was error for the lower court to open the judgment confessed on the mortgage note against the Corporation solely on the basis of its reference to the issues involved in the other appeal between the Bank and the Corporation.

Concerning the other defense raised by the Petition, the amount of principal in default and the amount of late charges, interest and attorney's fees authorized on the face of the mortgage note should be objectively ascertainable.

Reversed and remanded to the jurisdiction of the lower court with instructions to determine the amount of principal in default as well as the amount of late charges, interest and attorney's fees authorized on the face of the mortgage note and with further instructions to deny the Petition to Open said judgment.