## Commonwealth National Bank v. DiSantis

*David G. Homsher,* for plaintiff.
*Paul K. Allison,* for defendant.

MUELLER, *J.,* August 30, 1983—In September of 1980, Mary M. DiSantis (hereinafter referred to as petitioner) gave her personal unconditional guaranty on a loan from The Commonwealth National Bank to J-Barb, Inc. The loan was for the purpose of purchasing real estate, equipment, and a liquor license. In addition to Petitioner's guaranty, Commonwealth held a real estate mortgage covering the real estate known as 128 West Strawberry Street, Lancaster, Pa., and a perfected security interest in the equipment and furnishings located at 128 West Strawberry Street.

J-Barb defaulted on its obligation to Commonwealth and substantial interest, costs and fees accrued. As a result of the continuing default, Commonwealth brought actions against J-Barb and obtained a judgment on the bond. Personal property (excluding the liquor license of J-Barb) was then executed upon and sold by the sheriff. The amount paid for this miscellaneous personal property at the sheriff's sale is a matter of record, and this amount

was credited against the outstanding balance due on the loan from Commonwealth to J-Barb, Inc.

Subsequent to the sheriff's sale of the personal property and on a separate execution, the real estate at 128 West Strawberry Street was sold by the sheriff. Because Commonwealth was the successful bidder for the real estate, it proceeded as required by the deficiency judgment provision, 42 Pa. C.S. §8103, to have the court fix the deficiency by determining the fair market value of the real estate. A hearing was held on February 9, 1983, and the court fixed the value of the real estate at $72,000. This value was also credited against the outstanding balance due on the loan.

After the deficiency was fixed, Commonwealth proceeded to issue execution of the confessed judgment against petitioner for the balance due on J-Barb's loan. A sheriff's sale was scheduled for March 23, 1983 on petitioner's property levied upon by the sheriff. On March 16, 1983, petitioner filed a petition to open judgment. The court entered a rule upon Commonwealth to show cause why the judgment should not be opened and issued a stay on the sale of any personalty until disposition of the petition to open judgment. Commonwealth filed its answer on March 25, 1983, averring that any and all credit which was due petitioner had already been given and that the judgment should not be opened. A hearing was held on May 27, 1983. At the conclusion of testimony the court directed that legal memoranda be filed by the parties addressing the propriety of opening the confessed judgment and, specifically, the issue of whether the court must redetermine the value of the personal property, which had been located at 128 West Strawberry Street and sold at a sheriff's sale, for the purpose of giving the debtor credit against the balance due on the loan.

Stated otherwise, is the credit against the underlying debt to which a debtor is entitled upon the sheriff's sale of personal property limited to the *proceeds of the Sheriff's* sale?

The law is well settled that a default or confessed judgment may be opened upon the showing by the Petitioner that the request has been filed promptly and that a meritorious defense exists. Cit. Nat. Bank, Etc. v. E. H. Bilowich, 303 Pa. Super. 193, 449 A.2d 644 (1982). Pennsylvania Rule of Civil Procedure 2959(e) states, inter alia: "If evidence is produced which in a jury trial would require the issues to be submitted to the jury, the Court shall open the judgment."

The crux of the matter is whether petitioner has shown a meritorious defense. This defense would be that the judgment should be opened so that the court can redetermine the value of the personal property for the purpose of establishing credit against the balance due and owing to Commonwealth. This value would arguably be closer to the proceeds from the resale of the personal property to a third party after the sheriff's sale and not the proceeds received at the sheriff's sale. Petitioner presents to the court a novel legal proposition which, although having merit from an equitable standpoint, has no foundation in law. The deficiency judgment proceeding held pursuant to 42 Pa. C.S. §8103 provided for a method of redetermining the value of the real property sold at the sheriff's sale. There is no authority under section 8103, nor has petitioner cited any applicable case law to support the proposition that the value of personal property sold at the sheriff's sale likewise should be given an alternative value. As stated by the Pennsylvania Supreme Court shortly after the Defi-

ciency Judgment Act of July 16, 1941[1] came into existence and was under constitutional attack:

"Nor is it a ground for objection that the act deals only with sales of real estate and not of personal property, because it is common knowledge that the evil which the statute was designed to remedy was one connected exclusively, or at least largely, with sheriff's sales of real estate." Pennsylvania Company v. Scott, 346 Pa. 13 (1942) at 20. Neither the act nor any other statutory provision or court opinion provides for a procedure whereby an alternative value, one other than the proceeds from the sherifff's sale, can be determined. Petitioner does not have a meritorious defense to allow the opening of the judgment.[2]

## ORDER

And now, August 30, 1983, the petition to open judgment filed by Mary M. DiSantis on March 16, 1983 is denied. The stay entered by order of court dated March 16, 1983 is hereby lifted.

---

1. 12 P.S. §2621.1-2621.11 (repealed), substantially reenacted in 42 Pa. C.S. §8103.

2. Commonwealth also argues the petition is barred by either res judicata or collateral estoppel since this issue was previously raised and rejected by the court at the February 9, 1983 hearing. At that hearing the court held that no evidence of value of personal property could be brought into that February 9, 1983 hearing. Petitioner is now attempting to set up a new proceeding where an alternative value for personal property would be decided, a different matter than adjudicated at the February 9, 1983 hearing. Neither res judicata nor collateral estoppel are applicable here.