# Baum v. Tri-State Business Center

*Peter W. Dicce,* for plaintiff.
*David G. Blake,* for defendants.

JENKINS, *J.,* February 2, 1995—

## I. FACTS AND PROCEDURAL HISTORY

The above-captioned matter came before the court on defendants' motion to open/strike confessed judgments entered against them by plaintiff on October 8, 1991. The parties agreed to submit the matter on briefs and deposition transcripts. Following consideration of same, this court entered an order on September 6, 1994 denying the motion to open confessed judgment, granting the motion to strike judgment with respect to defendants Tri-State Business Center and Tri-State, GP Inc., and denying the motion to strike as to the individual defendants. Defendants' motion for reconsideration was subsequently filed and withdrawn. Defendants' timely appeal followed, thus necessitating this opinion.

In November 1989, defendants, Tri-State Business Center and Tri-State GP Inc. purchased a tract of real estate located in the Borough of Trainer, Delaware County, Pennsylvania from the plaintiff, Drew W. Baum. Tri-State financed the purchase, in part, through a first priority mortgage note with Continental Bank in the amount of $2,400,000. Additional financing was obtained when Tri-State executed a second priority note and mortgage with the plaintiff for the sum of $1,000,000. The Baum note was further secured by personal guarantees executed by defendants Jeffrey G. Rachlin, Armond J. Baroni Jr., Derald J. Hay and Dean W. Roach.

While the guarantee agreements contained warrants to confess judgment against the individual defendants in the event of a default, there were no warrants to

confess judgment against Tri-State contained in the Baum note.

The Baum note provided that plaintiff could require acceleration of all monies due under the note in the event of "any default by borrowers of this note or the note of Continental Bank." At the maturity of the Continental note, Tri-State failed to pay the principal amount of the loan and was in arrears on the interest owed. As a result, Continental Bank advised Tri-State by letter dated August 16, 1991 that the Continental note was in default and would remain in default unless remedied by a cure on or before September 14, 1991.

Pursuant to the terms of the Continental note, which required 30 days written notice to Baum of any default by Tri-State on the Continental note, Baum was notified in writing on August 15, 1991 of Tri-State's default of the Continental note.

By letter of August 28, 1991, Baum declared the defendants in default of the Baum note, demanded immediate payment of the outstanding principal balance and accrued interest, and notified Tri-State and the individual defendants of his intention to foreclose.

On September 19, 1991, a meeting occurred between representatives of Continental Bank, Baum, Tri-State and the individual defendants to discuss the possibility of a cure of Tri-State's default on the Continental note. All parties agree that the loan was never brought current, nor was a written loan modification agreement executed.

No payment on the Baum note obligations was made and on October 8, 1991, Baum confessed judgment against Tri-State and the individual defendants. On November 13, 1991, defendants filed their motion to open/strike confessed judgment.

## II. REASONING

### A. *Petition To Open Confessed Judgment*

To open a confessed judgment, a petitioner must show (i) that he promptly filed his petition, and (ii) that he has a meritorious defense to the judgment by confession. *Citizens National Bank of Evans City v. E.H. Bilowich Construction Corp.,* 303 Pa. Super. 193, 449 A.2d 644 (1982). The respondents did not question whether the petitioners acted promptly in seeking to open the confessed judgment, but, rather whether or not the defense alleged was meritorious. This court found that it was not.

The standard for determining whether or not a defense is meritorious is found in Pa.R.C.P. 2959(e) which provides in pertinent part that "if evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court shall open judgment." As such, the standard of sufficiency of the evidence which the court must employ "is that of the directed verdict—viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining judgment." *Weitzman v. Ulan,* 304 Pa. Super. 204, 209, 450 A.2d 173, 176 (1982).

Even viewing all of the evidence in the light most favorable to the petitioner, and accepting as true all evidence and proper inferences supporting the defense alleged by petitioner, this court found no valid defense.

Tri-State and the individual defendants alleged that, during the course of the September 19, 1991 meeting, an agreement was reached between Continental and the defendants to cure the default of the Continental

note. Yet, the defendants neither produced any evidence, nor identified any inferences therefrom, which would have permitted this matter to be submitted to the jury for determination of whether an agreement to cure the default had been reached.

There was no genuine disagreement as to the material facts. The Continental mortgage note contained the following language: "the bank shall not be deemed by any act of omission or commission, to have waived any of its rights or remedies hereunder, under the mortgage ... or other loan documents unless such waiver is in writing, signed by an officer of the bank." In this case, all parties agree that payment on the Continental note was not made, nor was an agreement to cure the default ever executed.

John Abell, Vice President of Continental Bank, was able to claim only the existence of a "strategy" in his response to the following question:

"Counsel: At any point in time thereafter was the default cured?

"Abell: Technically, the answer to that question is no. In our meeting September 19 we had agreed to a strategy that would enable us to defer any action and cure the default and give them a 120-day extension period. Subsequent to that meeting we were preparing documents for them to sign which would have cured the default on the original note, but those documents were not signed and the payment was not made."

Accordingly, despite the allegations of an agreed upon "strategy," this court found that the default was not cured and that Tri-State and the individual defendants failed to identify a meritorious defense which would have enabled this court to open the confessed judgment.

The individual defendants also alleged that Baum acted in bad faith in entering a confessed judgment against Tri-State in the absence of a warrant of attorney which permitted him to do so. They argued that because application to open a confessed judgment is an equitable proceeding governed by equitable principals, Baum's entry of confessed judgment against Tri-State and his subsequent failure to agree to the opening of the judgment so tainted the judgments confessed against the individual defendants as to render them ineffective. *Sanctis v. Lagerbusch,* 213 Pa. Super. 483, 249 A.2d 191 (1968). This court will address, below, the petition to strike the confessed judgment. However, even if this court assumed the existence of "bad faith" by Baum in confessing judgment against Tri-State, the individual defendants failed to identify the basis upon which this court could find that the individual defendants should vicariously benefit from Baum's "bad faith" in his dealings with Tri-State.

## B. *Petition To Strike Confessed Judgment*

A petition to strike a confessed judgment is proper only when a defect in the judgment appears on the face of the record. *Davis v. Woxall Hotel Inc.,* 395 Pa. Super. 465, 577 A.2d 636 (1990). To determine this, it is necessary to examine the warrant of attorney itself for the scope of authority to confess judgment. The scope of authority is defined by the terms of the warrant of attorney which authorizes the confession of judgment. *Dollar Bank, Federal Savings Bank v. Northwood Cheese Co. Inc.,* 431 Pa. Super. 541, 637 A.2d 309 (1994). Entry of a valid judgment by confession can only be accomplished if such entry is made with rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken.

*Scott Factors Inc. v. Hartley,* 425 Pa. 290, 228 A.2d 887 (1967).

The note executed by Tri-State in favor of Baum contained no warrant of attorney to confess judgment. Accordingly, the entry of confessed judgment against Tri-State was stricken. However, this court did not consider allegations of "bad faith" in the entry of the confessed judgment against Tri-State as a basis for striking the entry of the confessed judgment against the individual defendants. A proceeding to strike off a confessed judgment concerns itself with the regularities of the record and may not be based upon the equities of the situation. *Century Credit Company v. Jones,* 196 Pa. Super. 210, 173 A.2d 768 (1961).

As there appeared no defect on the face of the record pertaining to the entry of confessed judgment against the individual defendants, the petition to strike the confessed judgment against the individual defendants was denied.

### CONCLUSION

For the foregoing reasons, the court entered its order dated September 6, 1994.