463 A.2d 475

**Louis A. SINES, a/k/a Louis F. Sines, and Elizabeth M. Sines, Husband and Wife**

**v.**

**Harold W. PACKER and Kathleen M. Packer, Husband and Wife, and John J. Carney and Robert V. Carney.**

**Appeal of John J. CARNEY and Robert V. Carney.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1981.

Filed July 22, 1983.

502

William T. Renz, Doylestown, for appellants.

Frank S. Guarrieri, Morrisville, for appellees.

Before CAVANAUGH, DiSALLE * and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Bucks County and involves appellants' (Carneys) appeal from an order of court which refused their motion to open a default judgment entered against them in an Action to Quiet Title.

The action was commenced on November 29, 1978. The Complaint was served on appellants on December 7, 1978 by the Sheriff. A motion for judgment was filed by plaintiffs on January 5, 1979. On January 22, 1979 the court below issued an Order directing relief against defendants if they failed to take appropriate action within thirty (30) days of that date. On February 13, 1979 appellants took action when they filed a Petition to Open Judgment. Judgment had been entered against them on January 22, 1979. After depositions were submitted to it, the court below entered an order on January 23, 1981 dismissing appellants' petition. Appellants now appeal the refusal of the court below to grant their petition to open.

The plaintiffs brought their action to quiet title on a theory of adverse possession. In their complaint they allege that the appellants are the record owners of the property and cite a chain of title into appellants. Upon accepting service of the Complaint appellants turned it over to a Frank Manzo who had represented Berks Title Insurance Company in the past. However, unbeknownst to the appellants, his representation of Berks Titles had terminated in 1974 or 1975. (Berks Title was appellants' title insurance carrier for the property in question). Manzo told appellants that he would take care of the matter, but never informed Berks Title of the Complaint. Thus, the appel-

* DiSALLE, J., did not participate in the consideration or decision of this case.

lants' failure to file a timely Answer to the Complaint was not their fault, nor that of their attorneys or insurance carrier. Also, their petition to open was timely filed.

The first issue on appeal is whether the pleading of a meritorious defense is necessary when filing a petition to open a default judgment to an action to quiet title. The court below held that it was necessary. The second issue is whether the appellants' petition to open did allege a meritorious defense. The court below held that it did not do so.

Neither party has cited, nor have we found, any case dealing specifically with the issue as to whether a meritorious defense need be alleged in a petition to open a judgment rendered in a case involving an action to quiet title. Thus, this issue is one of first impression.

In an assumpsit action, a petition to open a judgment will not be granted unless three conditions are met. The conditions are: (1) the petition has been filed promptly; (2) the default is reasonably explained; and (3) a meritorious defense is shown. *Ecumenical Enterprises, Inc. v. Nadco Construction, Inc.* 253 Pa.Superior Ct. 386, 391, 385 A.2d 392, 395 (1978). In a petition to open a default judgment in a trespass action, the petitioner must show: (1) that the petition to open was promptly and timely filed, and (2) there exists a legitimate explanation or excuse for the delay that occasioned the default judgment. *Forest Hills Transfer v. Beaver Valley Builders,* 271 Pa.Superior Ct. 566, 414 A.2d 628 (1979). Thus, in trespass actions, a meritorious defense need not be presented in a petition to open a judgment rendered in such a case. Appellants' argue that the rule regarding trespass actions should be applied to petitions to open judgments entered in actions to quiet title because in both cases the plaintiff has the burden of proving each and every allegation of his complaint. However, the plaintiff has the burden of proving the essential elements of an assumpsit action as well as in trespass actions and actions to quiet title. While it is true that in actions to quiet title, as in trespass actions, the burden of proof rests upon the plaintiff, it is equally true that the plaintiff must shoulder the burden in actions of assumpsit.

Thus, the appellants' reliance on this line of reasoning is misplaced. Pa.Rule Civil Procedure 1061(a) provides that:

"Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to the action of assumpsit."

Thus, we hold that the general rules governing actions in assumpsit also govern actions to quiet title. As such, we hold that in a petition to open a judgment in an action to quiet title the defendant must allege a meritorious defense.

Appellants argue that their petition to open judgment has alleged a meritorious defense. Paragraph 25 of their petition provides that: "Your Petitioner have a good and complete defense to Plaintiffs' alleged cause of action." Where a petition to open a judgment must allege a meritorious defense, said defense must be presented in precise, specific, clear and unmistakable terms. *Ecumenical*, supra. A review of appellants' petition reveals that Paragraph 25 of the petition failed to state appellants' defense in "precise, clear, specific and unmistakable terms". Rather, Paragraph 25 merely stated a conclusion of law. Such a statement is not a sufficient averment of a meritorious defense so as to come within the standard established by *Ecumenical*, supra, since it does not set forth any *facts* upon which the alleged meritorious defense is based.

Our inquiry, however, does not end here as appellants' petition to open judgment does refer in Paragraph 3 thereof to the plaintiffs' original complaint. As such, we must consider all of the pleadings filed in this case as all of them have been identified in the appellants' petition to open judgment. Paragraph 5 of plaintiffs' complaint alleges that: "This action arises out of an existing actual controversy between the above named parties over the ownership of certain tracts of land, hereinafter more fully described." The complaint then goes on to set forth a chain of title to the land in question resulting in a deed to the appellants. Thus, the pleadings establish, quite clearly, that the appellants are record owners of the disputed land. A chain of title is sufficient to make a finding of possession of the land

for purposes of passing on a right to bring an action to quiet title. *Detweiler v. Geyer,* 39 Northampton County Report 228–29 (1979). Thus, appellants, by referring to plaintiffs' original complaint in their petition to open, have established a claim of ownership of the premises which is contrary to the plaintiffs' allegation of adverse possession. As such appellants have established a meritorious defense to the plaintiffs' original action to quiet title based on a claim of adverse possession; albeit inartfully so. Because the appellants have filed their petition to open in a timely manner and have established a reasonable excuse for their failure to timely answer the plaintiffs' complaint in addition to establishing a meritorious defense, we hold that they have met all the criteria necessary to grant their petition to open the judgment.

The order of the lower court is reversed; the petition to open granted, and the case remanded to the court below for trial on the merits. Jurisdiction is relinquished.

CAVANAUGH, J., concurs in the result.