480 A.2d 295

**RCK, INC., Appellant,**

**v.**

**Herbert and Marlene KATZ.**

Superior Court of Pennsylvania.

Argued March 3, 1982.

Filed Aug. 10, 1984.

Petition for Allowance of Appeal Denied Feb. 21, 1985.

164

M. Patricia Carroll, Philadelphia, for appellant.

Joseph V. Cardona, Philadelphia, for appellees.

Before WIEAND, BECK and HOFFMAN, JJ.

BECK, Judge:

In this appeal we are asked to construe Section 407(a) of the Act of January 30, 1974 ("Act"), P.L. 13, *as amended,* 41 P.S. § 407(a), and determine how Section 407(a) affects a creditor's efforts to execute upon a confessed judgment.

Section 407(a) of the Act states that

[a]s to any residential real property, a plaintiff [creditor] shall not have the right to ... execute ... on a note ... confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedures [Pa.R.C.P. Nos. 2981–86], files an appropriate action and proceeds to judgment ... against defendant [debtor] as in any original action. The judgment by confession shall be changed as may be appropriate by a ... decree entered by the court in the action. After the ... original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the confessed judgment. The parties to the action shall have the same rights as parties to other original proceedings.

Thus, Section 407(a) insulates debtors' residential real property from rash foreclosure by requiring that before executing against such property, creditors obtain two judgments: first, a confessed judgment and second, a judgment in an original Section 407(a) action.

### I. Confessed Judgment

On September 17, 1976, the Katzes contracted with RCK for the purchase of a restaurant business. To secure a portion of the purchase price, the Katzes signed a promissory note which contained a warrant of attorney authorizing confession of judgment against the Katzes.

On November 18, 1976, judgment by confession was entered on the promissory note, and the Katzes were properly notified of the entry of judgment (Pa.R.C.P. Nos. 236 and 2958(f)). Damages in the amount of $25,763 were assessed against the Katzes on February 2, 1978. Subsequently, on November 15, 1978, the Katzes filed a petition to open the confessed judgment. The petition to open was denied.

In satisfaction of the confessed judgment, RCK sought execution against the Katzes' residential real property and business assets. To fulfill the statutory requirements for

execution against residential real property, RCK brought a Section 407(a) original action.

## II. Section 407(a) Judgment

On November 28, 1979, RCK filed a complaint against the Katzes to initiate a Section 407(a) action and acquire the second judgment needed as a precedent to executing on the Katzes' residential real property.

The Katzes failed to file an answer to RCK's complaint, and accordingly, on January 16, 1980, RCK secured a default judgment (Pa.R.C.P. No. 1037(b)) in the Section 407(a) action. Damages in the amount of $31,800.87 were assessed against the Katzes.[1]

Since the Section 407(a) action resulted in a second judgment for RCK, RCK then filed a praecipe for a writ of execution against the Katzes' residential real property. Thereafter, the Katzes were notified that their debt to RCK would be satisfied by a sheriff's sale of their home.

Reacting to notice of the sheriff's sale, on February 15, 1980, the Katzes petitioned the trial court to open the Section 407(a) judgment. On January 29, 1981, the trial court opened the Section 407(a) judgment on the grounds that the Katzes had met "the requisites for obtaining relief from a default judgment ...." Trial Court Order of January 29, 1981. RCK filed a timely notice of appeal.[2]

In response to RCK's notice of appeal, the trial court wrote an opinion (Pa.R.A.P. 1925(a)) which justified its opening RCK's Section 407(a) judgment on the grounds that the Katzes had met the requisites for obtaining relief from a confessed judgment. In other words, the trial court's order and opinion were inconsistent. The order characteriz-

---

1. The difference in the amount of damages assessed against the Katzes on the confessed judgment ($25,763) and the default judgment ($31,-800.87) reflects additional interest and attorney's fees which accrued in the intervening time between the two judgments.

2. The Katzes claim that the issues raised by RCK on appeal have not been properly preserved below and are therefore waived on appeal. We have carefully examined the record and conclude that the issues are adequately preserved for appeal. *See Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

ed RCK's Section 407(a) judgment as a default judgment whereas the opinion characterized RCK's Section 407(a) judgment as a confessed judgment.

■ Therefore, the precise issue in this appeal is the proper characterization of RCK's Section 407(a) judgment and, correspondingly, the correct standards for opening the judgment. In this instance RCK's Section 407(a) judgment is viewed by the Katzes as a confessed judgment and by RCK as a default judgment.[3] For the following reasons, we hold that the Section 407(a) judgment in this case is a default judgment subject to opening upon compliance with the standards for opening a default judgment.

Section 407(a) states that in addition to acquiring a confessed judgment, a creditor must obtain a favorable judgment in an "original action" brought pursuant to Section 407(a). Section 407(a) further states that the parties to the original action "shall have the same rights as parties to other original proceedings."

■ The statutory wording clearly shows that a Section 407(a) action is a *de novo* proceeding wherein the parties are not restricted to claims or defenses raised in conjunction with a creditor's earlier acquisition of a confessed judgment or a debtors' petition to open same. Otherwise construing the phrase "original action" would ignore the plain meaning of the words and defeat Section 407(a)'s legislative purpose of assuring debtors an opportunity to assert any and all

3. The requisites for opening a default judgment are more stringent than the requisites for opening a confessed judgment; hence, the importance of deciding how RCK's Section 407(a) judgment should be characterized. To open a confessed judgment, a petitioner must show (i) that he promptly filed his petition to open and (ii) that he has a meritorious defense to the judgment by confession. *Citizens National Bank of Evans City v. E.H. Bilowich Construction Corp.*, 303 Pa.Super.Ct. 193, 449 A.2d 644 (1982). To open a default judgment, a petitioner must show (i) that he promptly filed his petition to open; (ii) that he has a meritorious defense, and (iii) that his failure to defend [here, the Katzes' failure to answer RCK's complaint in the Section 407(a) action] was excusable. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Sharon Hill Contracting Co. v. Recreational Equipment Unlimited, Inc.*, 284 Pa.Super.Ct. 118, 425 A.2d 447 (1981).

potential claims and defenses which might preclude undue loss of their residential real property.

■ Pursuant to Pa.R.C.P. Nos. 2981(b) and 2983, a Section 407(a) original action is governed by the assumpsit rules of civil procedure and is commenced by the filing of a complaint. The assumpsit rules (Pa.R.C.P. No. 1037(b)) provide that a defendant's failure to answer a complaint results in a default judgment for the plaintiff. Therefore, the Katzes' failure to answer RCK's complaint in the Section 407(a) original action results in a default judgment for RCK. *See General Electric Credit Corp. v. Slawek,* 269 Pa.Super.Ct. 171, 409 A.2d 420 (1979); *Lafayette Trust Bank v. JAJ Corp.,* 17 Pa.D. & C.3d 256 (1980).

■ Since the parties to a Section 407(a) original action must proceed according to the assumpsit rules and possess the "same rights as parties to other original proceedings," the parties can challenge a default judgment in a Section 407(a) original action in the same manner that default judgments are contested in other original assumpsit actions. The parties may initially petition to strike or open the default judgment and may subsequently appeal. *See General Electric Credit Corp.*

In the case sub judice the Katzes filed a petition to open RCK's Section 407(a) judgment. The trial court granted the Katzes' petition, and RCK brought this appeal to protest the opening of its default judgment. We now consider whether the Katzes' petition presented sufficient grounds for opening RCK's Section 407(a) default judgment.

■ "In an assumpsit action, a petition to open a [default] judgment will not be granted unless three conditions are met. The conditions are: (1) the petition has been filed promptly; (2) the default is reasonably explained; and (3) a meritorious defense is shown." *Sines v. Packer,* 316 Pa.Super.Ct. 500, 503, 463 A.2d 475, 477 (1983). Because we conclude that the Katzes have not reasonably explained their failure to answer RCK's complaint in the Section

407(a) action, we reverse the trial court's order opening the Section 407(a) default judgment.[4]

The only purported excuse offered by the Katzes for their failure to answer RCK's complaint appears in the twelfth paragraph of the Katzes' petition to open the Section 407(a) judgment. The twelfth paragraph avers that "notice pursuant to [the Act] was required and was not given rendering [RCK's] Complaint ... unlawful ...." This averment is unsupported by the record.

Section 403 of the Act, 41 P.S. § 403, mandates that a debtor receive at least thirty days' advance notice of any legal action to recover under an obligation evidenced by a security document and secured by a lien upon residential real property. The present record includes a copy of the Section 403 notice which RCK sent to the Katzes by certified mail on April 4, 1979, plus a copy of the receipt signed by Herbert Katz on April 5, 1979, to acknowledge service of the notice.

We find that since RCK filed its Section 407(a) complaint on November 28, 1979 (substantially more than thirty days after service of the Section 403 notice), RCK complied with the Act's notice provision. Hence, the Katzes' failure to answer RCK's Section 407(a) complaint remains unexplained, and the trial court erred in opening the default judgment.

Accordingly, we reverse the trial court's order of January 29, 1981, and reinstate RCK's Section 407(a) default judgment.

Thus, the record evidences that RCK has acquired both a confessed judgment and a Section 407(a) judgment against the Katzes, thereby fulfilling Section 407(a)'s preconditions

---

**4.** Having determined that the Katzes did not meet the second requisite for opening a default judgment, we do not proceed to consider whether the Katzes alleged a meritorious defense. However, we emphasize that inasmuch as a Section 407(a) action is a *de novo* proceeding, the Katzes could properly have reiterated in their petition to open the Section 407(a) judgment any defenses previously asserted in their unsuccessful petition to open RCK's confessed judgment against them.

to execution against the Katzes' residential real property. We now consider the nature of that execution as determined by the relationship between RCK's confessed judgment and RCK's Section 407(a) default judgment.

Section 407(a) contains a merger clause which provides that after a judgment has been obtained in a Section 407(a) original action, "that judgment shall merge with the [creditor's earlier acquired] confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the confessed judgment."

We hold that merger of the Section 407(a) judgment into the prior confessed judgment happens after the parties have exhausted their opportunities to challenge the Section 407(a) judgment, *i.e.*, after the parties to the Section 407(a) original action have been accorded the "same rights [including appellate rights] as parties to other original proceedings."

■ The merger of the Section 407(a) judgment into the confessed judgment produces a single, integrated confessed judgment (a "merged" confessed judgment) upon which execution ultimately occurs. The "merged" confessed judgment consists of the creditor's previous confessed judgment "conformed," *i.e.* adjusted, to reflect the Section 407(a) judgment amount. Pa.R.C.P. No. 2986; 11 Standard Pennsylvania Practice 2d § 67:45 (1982).[5]

In summation, we reverse the trial court's order of January 29, 1981, and reinstate RCK's Section 407(a) default judgment. This case is remanded to the trial court for further proceedings consistent with this opinion and Pa.R. C.P. No. 2986(a). Jurisdiction is relinquished.

WIEAND, J., concurred in the result.

**5.** A lien based upon a "merged" confessed judgment relates back to the date of the lien based upon the creditor's earlier confessed judgment. *See* Pa.R.C.P. No. 2982; *see generally* Pa.R.C.P. No. 2959(f) and its Explanatory Note.