501 A.2d 265

**COLUMBIA COUNTY FARMERS NATIONAL BANK OF ORANGEVILLE, PA., Appellant,**

v.

**James S. FORNEY and Joan N. Forney, Appellees.**

Superior Court of Pennsylvania.

Argued March 25, 1985.

Filed Nov. 22, 1985.

Rosenn, Jenkins & Greenwald, Donald H. Brobst, and Edward A. Monsky, Wilkes-Barre, for appellant.

Hourigan, Kluger, Spohrer, Quinn & Myers, P.C., Arthur L. Piccone and Ronald V. Santora, Wilkes-Barre, for appellees.

Ronald J. Santora, Wilkes-Barre, for appellees.

Before POPOVICH, BECK and TROMMER *, JJ.

TROMMER, Judge:

The present appeal concerns appellant's attempt to execute against appellees' residential real property in order to satisfy two confessed judgments entered against appellees on May 12, 1980. Based on our court's recent decision in *RCK, Inc. v. Katz*, 331 Pa.Super. 163, 480 A.2d 295 (1984), and appellees' nonconformity with the procedures therein outlined, we vacate the trial court's October 4, 1984, order purporting to grant appellees' petitions to strike the two confessed judgments of May 12, 1980.

This is a consolidated appeal from an order of the trial court granting appellees' motion to strike two judgments entered against them. The judgments were entered on two demand notes, payable to appellant, in the amounts of $157,000.83 (No. 1113–N of 1980) and $67,702.22 (No.

* Judge Evelyn M. Trommer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1114–N of 1980), plus interest and an attorney's commission of fifteen percent. The notes were executed, under seal, by appellees on October 17 and 18, 1979, and provided in pertinent part as follows:

> The undersigned jointly and severally do hereby authorize and empower any attorney of any Court of Record of Pennsylvania, or elsewhere to appear for them, or any of them, and to confess judgment against them, or any of them, as of any term, with or without declaration filed, for such sum or sums as may be payable hereunder and with costs of suit, release of errors, without stay of execution and with 15% added as attorneys' collection fees ....

Contemporaneously with the execution of the demand notes, appellees executed separate declarations with respect to confessions of judgment which provided that appellees:

> do hereby declare that I (we) signed said instrument with full knowledge that it contains a Confession of Judgment which permits said Bank, or any Prothonotary, or Clerk of any Court of Record of Pennsylvania, to enter judgment against me (us) without notice and regardless of any default by me (us) under said instrument; and I (we) do hereby further declare that I (we) signed said Confession of Judgment for the purpose of indicating my (our) intention, understanding, and voluntary consent that judgment be entered against me (us) as above stated.

The demand notes and declarations were presented to the prothonotary on May 12, 1980. The praecipes to enter judgment upon them were both signed by Dean R. Kelcher, appellant's vice-president, as "Plaintiff's Attorney." That same day, the prothonotary entered the judgments as directed.

On June 24, 1981, appellant filed a complaint at No. 1114–N of 1980, as required by 41 P.S. § 407 as a prerequisite to foreclosing upon appellees' residential real property. Appellees filed an answer to the complaint on October 5, 1981. Appellant thereafter filed a motion for summary judgment, which was denied by the trial court on May 3,

1983. The trial court granted appellees leave to file an amended answer, and the appellees did so on May 23, 1983. On November 15, 1983, appellant filed a praecipe for a default judgment and a writ of execution on the basis of appellees' alleged failure to answer the complaint.[1] On February 10, 1984, a sheriff's sale was held pursuant to the merged confession and default judgments. *See* discussion, *infra,* on merger. The deed to the property was conveyed to the buyer shortly thereafter.

On March 7, 1984, appellees filed petitions to open or strike the confessed judgments entered on May 12, 1980. Appellant filed answers where, as new matter, appellant raised, *inter alia,* the defenses of laches, waiver (Nos. 1113–N and 1114–N of 1980), res judicata and collateral estoppel (No. 1114–N of 1980). On October 3, 1984, after argument, the trial court issued an order striking the confessed judgments of May 12, 1980. This consolidated appeal timely followed.

We find that our court's disposition in *RCK, Inc.* controls the resolution of the case sub judice inasmuch as the factual and procedural histories of *RCK, Inc.* and the present case are nearly identical. In both cases, the creditor acquired a confessed judgment against the debtors and then, as a prerequisite to executing against the debtors' residential real property in satisfaction of the confessed judgment, the creditor commenced an original action under Section 407(a) of the Act of January 30, 1974, P.L. 13, *as amended,* 41 P.S. § 407(a). In both instances, the creditors obtained favorable Section 407(a) judgments which were, coincidentally in both cases, default judgments. Thus, we must again examine the relationship between a creditor's prior confessed judgment and a creditor's subsequent Section 407(a) default judgment to ascertain how and when the different judgments may be challenged.

1. According to appellant's brief, appellees withdrew their answer to the complaint. *See* Brief of Appellant at 4. Although appellees have not contested this assertion, we note that the record on appeal does not contain a praecipe to withdraw the answer or any other documentary support for the default judgment.

■ It is axiomatic that a confessed judgment may be attacked by the filing of a petition to open and/or strike the confessed judgment. *RCK, Inc.;* Pa.R.C.P. No. 2959. But where a Section 407(a) action is brought pursuant to the entry of a confessed judgment, the acquisition of a judgment in the Section 407(a) action precludes any further challenge to the underlying, prior confessed judgment. *RCK, Inc.* Once a Section 407(a) judgment has been obtained, any attack must be directed against the Section 407(a) judgment and not the previously acquired confessed judgment.

The preclusion against contesting the prior confessed judgment occurs because the Section 407(a) action occasions a *de novo* litigation [2] of the parties' rights and a resultant *de novo* judgment which may differ in its terms, such as judgment amount, from the earlier confessed judgment. *See* Section 407(a); *RCK, Inc.;* 11 Standard Pennsylvania Practice 2d § 67:45 (1982).

■ The Section 407(a) judgment may be assailed by the parties in the same manner as judgments in other assumpsit actions are protested. *RCK, Inc.* Accordingly, if as happened in *RCK, Inc.* and the case sub judice, the creditor obtains a default judgment against the debtors in the Section 407(a) action, the debtors may contest the Section 407(a) judgment by filing a petition to open and/or strike the default judgment.[3] *RCK, Inc.* Subsequently, the parties may appeal the court's ruling on the petition to open

2.  "[A] Section 407(a) action is a *de novo* proceeding wherein the parties are not restricted to claims or defenses raised in conjunction with a creditor's earlier acquisition of a confessed judgment or a debtors' petition to open same." *RCK, Inc. v. Katz,* 331 Pa.Super. 163, 168, 480 A.2d 295, 297–98 (1984).

3.  "The requisites for opening a default judgment are more stringent than the requisites for opening a confessed judgment.... To open a default judgment, a petitioner must show (i) that he promptly filed his petition to open; (ii) that he has a meritorious defense, and (iii) that his failure to defend [here, the alleged withdrawal of appellees' answer to appellant's complaint in the Section 407(a) action] was excusable." *RCK, Inc. v. Katz,* 331 Pa.Super. 163, 168 n.3, 480 A.2d 295, 297 n.3 (1984).

and/or strike the Section 407(a) default judgment. *RCK, Inc.*

■ Once the parties have exhausted their opportunities to challenge the Section 407(a) judgment, the Section 407(a) judgment merges with the underlying, prior confessed judgment. *RCK, Inc.;* Section 407(a). The merger of the two judgments consists of the modification of the terms of the prior confessed judgment so that they conform to the terms of Section 407(a) judgment. *RCK, Inc.;* Section 407(a); 11 Standard Pennsylvania Practice 2d § 67:45 (1982). The merger "produces a single, integrated confessed judgment (a 'merged' confessed judgment) upon which execution ultimately occurs." [4] *RCK, Inc.,* 331 Pa.Super. at 171, 480 A.2d at 299.

Thus, the terms of the underlying, prior confessed judgment lose their effectiveness once a Section 407(a) judgment has been rendered,[5] *see RCK, Inc.;* Section 407(a), and any attempt by the parties to attack the prior confessed judgment after the entry of a Section 407(a) judgment is accordingly feckless.[6] Moreover, it logically follows that any court order purporting to rule on the merits of a challenge to an underlying, prior confessed judgment after the entry of a Section 407(a) judgment is without effect inasmuch as

**4.** The merged confessed judgment is comprised of the underlying, prior confessed judgment and the Section 407(a) judgment. Since the underlying, prior confessed judgment and the Section 407(a) judgment are each subject to attack by the parties, the parties are fully able to litigate all their claims with respect to both judgments before the judgments merge. Therefore, the parties cannot challenge the merged confessed judgment which is merely the combination of the two previous judgments.

**5.** The underlying, prior confessed judgment retains its effectiveness in only one respect. "A lien based upon a 'merged' confessed judgment relates back to the date of the lien based upon the creditor's earlier confessed judgment." *RCK, Inc. v. Katz,* 331 Pa.Super. 163, 171 n.5, 480 A.2d 295, 299 n.5 (1984).

**6.** It would be absurd to allow the underlying, prior confessed judgment to be attacked after entry of a Section 407(a) judgment since even if the prior confessed judgment were opened or stricken, the Section 407(a) judgment would remain on the docket.

the terms of the prior confessed judgment became ineffective upon entry of the Section 407(a) judgment.

██ In the case on appeal, appellant obtained confessed judgments against appellees and then acquired favorable Section 407(a) judgments in the form of default judgments which appellees did not challenge. After entry of the default judgments, appellees for the first time tried to assail the underlying, prior confessed judgments by filing petitions to open and/or strike the prior confessed judgments of May 12, 1980.

Since appellees' petitions attacking the May 12, 1980, confessed judgments were filed after appellant's acquisition of Section 407(a) judgments and hence were untimely, the trial court should have dismissed appellees' petitions on the procedural ground that they were inopportunely presented to the court. To the contrary, the trial court purported to rule on the merits of the petitions by granting appellees' petitions to strike the May 12, 1980, confessed judgments.

Accordingly, we vacate the trial court's October 4, 1984, order granting appellees' petitions to strike the two May 12, 1980, confessed judgments, and we remand this matter to the trial court for further proceedings consistent with this opinion. Jurisdiction is relinquished.