## Marine Bank v. Fralick

*Christine Hall McClure*, for plaintiff.
*Stephen H. Hutzelman*, for defendants.

LEVIN, J., April 23, 1986—This case is before the court on defendants' petition to strike and/or open judgment and for stay of proceedings. Defendants executed a mortgage note and mortgage in favor of plaintiff in 1979 secured by land in Erie County. The principal amount of that mortgage was $41,600. Defendants defaulted by not paying the February 1985 installment and have made no further payments toward the principal or interest. The property is also subject to a judgment in the amount of $41,178.58.

A notice of default and intent to foreclose (an Act 6 letter) was sent by plaintiff to the husband and wife separately on June 10, 1985. A notice of Homeowners' Emergency Mortgage Assistance Act of 1983 (an Act 91 notice) was sent to husband and wife separately on June 21, 1985. Defendants have admitted receipt of these notices. Defendants made application to the Pennsylvania Housing Finance Agency (PHFA) for assistance with the Mortgage Foreclosure Assistance Program. However, the application for assistance was denied. On December

16, 1985, plaintiff filed a complaint in mortgage foreclosure and served the complaint on January 7, 1986. A default judgment was entered against defendants on January 28, 1986. Plaintiff then filed a praecipe for writ of execution on January 29, 1986. Defendants filed this petition on January 30, 1986, and a rule to show cause and order of stay postponing the matter generally was entered. The sheriff's sale has been postponed until April 28, 1986.

Defendants suggest several defects in the notice procedures as reasons why their petition should be granted. Primarily, defendants contend that the sending of an Act 6 notice before sending an Act 91 notice is deceptive and does not fairly notify the parties of their rights and of the duties of plaintiff before foreclosure. Defendants contend that the actions of the bank in sending out notices as described above constitutes an unfair trade practice and violation of the unfair trade practices and consumer protection laws of Pennsylvania. Defendants argue that after they were denied mortgage assistance, the bank should have sent additional notices of intent to foreclose instead of merely filing the complaint in December 1985. It is their argument that the delay between the service of the notices and the filing of the complaint constitutes a waiver of right to foreclose.

The first issue is whether the judgment should be stricken. Generally, a petition to strike is the proper remedy where irregularities appear on the face of the record. Contin v. Shapiro, Eisenstat etc., 293 Pa. Super. 301, 439 A.2d 122 (1981). Additionally, a technical failure to comply with Act 6 provisions may be raised as a defense by a motion to strike. Piper v. Oaks, 10 D.&C.3d 722 (1979). Absent any defects or irregularities, it is improper to strike the

judgment. Here, the complaint was properly filed with all notices to defend; it was properly served; the judgment was not filed prematurely and all procedural requirements for obtaining the judgment were complied with. Given this, the court can find no irregularity or defects appearing in the record or on the face of the judgment and must deny the petition to strike.

The next issue is whether the default judgment should be opened. In order to open a default judgment, three conditions must be met: (1) the petition must be promptly filed; (2) there must be a reasonable explanation for the default; and (3) a meritorious defense must be shown. RCK, Inc. v. Katz, 331 Pa. Super. 163, 480 A.2d 295 (1984); Sines v. Packer, 316 Pa. Super. 500, 503, 463 A.2d 475, 477 (1983). In this case, the petition was promptly filed. The question remains whether there is a reasonable explanation for the default and/or there was a meritorious defense.

The petition filed by defendants fails to offer any legal and/or adequate excuse. The only excuse appears in Paragraphs 9 and 10 of the petition, which allege that after PHFA rejected defendants' application for assistance on September 9, 1985, plaintiff waited until December of 1985 to file the complaint which "lulled defendants into a false sense of security." Act. 6, 41 P.S. §403(a), mandates only that a debtor receive at least 30 days' advance notice of any legal action, including mortgage foreclosure. The present record indicates defendants had at least 30 days' advance notice. The case of RCK, Inc. v. Katz, supra, discussed a similar situation. In that case, the Act 6 notice (called the section 403 notice) was sent April 4, 1976. The complaint was filed November 28, 1979, approximately eight full months later. Because the complaint was filed substantially

more than 30 days after service of the Act 6 notice, the Superior Court held that defendant's failure to answer the complaint was unexplained. The court, therefore, refused to open the judgment. The same rule should apply in the present case.

In their brief, defendants refer to the fact that they did not receive the 10-day notice of intent to take default under Pa.R.C.P. 237.1. However, Pa. R.C.P. 237.1(b) states that the 10-day notice does not apply to any action subject to the provisions of Act 6. The explanatory note to Rule 237.1 states that notice under Rule 237.1 "would be duplicative" of the Act 6 notice required in connection with residential mortgages. Therefore, the court concludes defendants were given all proper notices.

The failure to explain a default is of particular significance in a residential mortgage foreclosure. The court recognizes that the purpose of the Act 6 notice under 41 P.S. §403 is to give the residential debtor at least 30 days to take action before the complaint is even filed. This action might include seeking legal counsel, applying for mortgage assistance from PHFA, bringing the account current, refinancing with another institution, or making other arrangements with the creditor. Here, defendants had six months between the sending of the notices and the filing of the complaint in which to seek help. In fact, defendants took advantage of this time by applying to PHFA for assistance which was denied. The record shows that defendants had over seven months in which to take action to stop the foreclosure action. However, they did nothing until judgment was entered and execution issued. All of the above proves there was no reasonable explanation for defendants' failure, thereby showing the second test was not met.

Next, it must be determined whether defendants have a meritorious defense. Defendants allege as a defense the failure of plaintiff to follow the obligations placed upon it by statute. On close examination, the court notes that the procedures prescribed by statute were followed by plaintiff. Defendants do not allege that they do not owe the money or that the default has been cured. The only defense defendants proffer is that it was recently suggested at a local seminar that Act 91 notices should be sent before Act 6 notices.* Defendants correctly point out that there is no case law directing the sequence in which the notices should be sent. Absent such a directive, the court can only look to see if the requirements, as they are now interpreted, were fulfilled.

The Act 6 notice must be sent at least 30 days in advance of any foreclosure. 41 P.S. §403(a). Act 91 requires that its notice be sent after the mortgagor "shall be at least 60 days contractually delinquent in his mortgage payments" and must give 30 days to have consumer credit counseling. 35 P.S. §1680.403c(a) and (b). The notices complied with all these timing requirements. Since an Act 6 notice can be sent as soon as default occurs and an Act 91 notice cannot be sent until the mortgage is delinquent 60 days, it is obvious that in many cases the notices will not be sent simultaneously. Absent any allegation of a violation of statute or case law, defendants have raised no meritorious defense to the procedure followed.

---

* There is no legal authority to back up this statement nor even an expert's opinion on same. The person who made this statement could well be influenced by the clients or customers they may represent.

Defendants further challenge the attorney's fee of 10 percent of the principal. 41 P.S. §405(2) states that ". . . attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor." The court finds the fee charged is reasonable under the circumstances of this case. 41 P.S. §406.

Finally, the other reasons advanced by defendants do not amount to a meritorious defense. This court is very much aware of the protections afforded to persons in the defendants' situation. This court will try to protect the people rights, but it can only do so within the confines of the law. Defendants here have not met their burden of establishing that all the requirements for opening judgments have been fulfilled. Therefore, the petition to open must be denied.

For all the reasons set forth herein, defendants' motion to strike and/or open judgment and for stay of proceedings is hereby denied.

### ORDER

And now, this April 23, 1986, it is hereby ordered, adjudged and decreed that defendants' motion to strike and/or open judgment and for stay of proceedings is hereby denied.