**Beamesderfer v. Hoke**

*Keith D. Wagner,* for plaintiff.
*John E. Feather, Jr.,* for defendants.

WALTER, *J.,* November 25, 1986—Plaintiff and defendants entered into an agreement of sale on September 15, 1977, for the purchase of real estate located at 126 West Main Street, Newmanstown, Lebanon County, Pa. The agreement of sale provided for monthly payments of $157.56 and permitted plaintiff to confess judgment for possession and money if defendants defaulted under the agreement.

Defendants failed to make payments for the months of December, 1985 and for January, February and March 1986. On April 6, 1986, plaintiff filed complaints for confession of judgment in ejectment and confession of judgment for money, obtained judgments and respective writs of execution were issued. After negotiations failed to resolve the dispute, defendants filed this petition to open or strike confessions of judgment.

Defendants argue the confessed judgments should be stricken or opened because plaintiff failed to follow procedure mandated by the Loan Interest and Protection Law (Act 6), Pa.Stat.Ann. tit. 41,

§101 et seq. (Purdon Supp. 1986).[1] We agree plaintiff failed to follow Act 6 procedure and will stay execution on the confessed judgments pending compliance with the statute and further orders of court. However, plaintiff's failure to abide by Act 6 is irrelevant to a request to strike or open judgment and we will deny defendants' petition.

A motion to strike will not be granted unless a fatal defect in the judgment appears on the face of the record. Cameron v. Great Atlantic & Pacific Tea Co., 439 Pa. 374, 266 A.2d 715 (1970). To open a confessed judgment, a petitioner must show that he promptly filed his petition to open and that he has a meritorious defense to the judgment by confession. Citizens National Bank of Evans City v. E.H. Bilowich Construction Corp., 303 Pa.Super. 193, 449 A.2d 644 (1982).

Act 6 is, in large part, a consumer measure regulating lawful interest rates and providing protective safeguards to the consumer before a hasty foreclosure action on a residential mortgage may be instituted. RCK Inc. v. Katz, 331 Pa.Super. 163, 480 A.2d 295 (1984). Defendants maintain plaintiff has not complied with the safeguards in section 403 pertaining to notice of intent to foreclose and section 407 pertaining to the right to execute on the basis of a confessed judgment.

The notice requirements of section 403 do not apply to a confession of judgment authorized by an agreement of sale. General Electric Credit Corp. v. Slawek, 269 Pa.Super. 171, 409 A.2d 420 (1979). Furthermore, section 407 regulates post-judgment

---

1. At oral argument both parties agreed the Homeowner's Emergency Assistance Act. Pa.Stat.Ann.tit. 35, §1680.401c et seq. did not apply to this case. Consequently, we will ignore all references to the act in the briefs submitted.

by confession procedures. Id. at 423. Neither section is applicable in disposing of a petition to open or strike a confessed judgment. Consequently, defendants have not shown a fatal defect in nor a meritorious defense to the judgments.

Our decision might have ended here but we note that enforcement of plaintiff's judgments was imminent at the time defendants' filed their petition to open or strike judgment.[2] This encourages further inquiry into the mandates of Act 6, an inquiry permitted by Pa.R.C.P. 3121(b):

"Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion . . . showing

(1) A defect in the writ, levy or service; or
(2) Any other legal or equitable ground therefor."

Both parties agree that the land sales agreement in the instant case is covered by the protective provisions of Act 6. section 407(a) provides:

"As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, *files an appropriate action* and proceeds to judgment or decree against defendant *as in any original action* . . . After the above mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment . . . and execution

---

2. See praecipe of execution as to judgment for possession.

shall be had on the confessed judgment . . . (Emphasis supplied).

This provision must be read in conjunction with section 403 which requires 30-days written notice of intent to foreclose before any residential mortgage lender may take any action to recover under the obligation.

Assuming *arguendo* that plaintiff gave appropriate section 403 notice of intent to foreclose, can her confessed judgments constitute an "original action" within the ambit of section 407(a)? The court in RCK, 331 Pa.Super. at 163, 480 A.2d at 295 held that a section 407(a) action is a de novo proceeding and is in addition to a previously confessed judgment. To construe the phrase "original action" otherwise would defeat the legislative purpose of assuring debtors an opportunity to assert all potential claims and defenses which might prevent undue loss of their residential real property. Id. at 298. In other words, it is not sufficient for a creditor to simply provide the debtor with a 30 day notice letter prior to execution. Lafayette Trust Bank v. JAJ Corp., 17 D.&C.3d 256 (1980). He must go on and institute an original action in assumpsit under the auspices of section 407(a).

As a result, plaintiff cannot execute on her confessed judgments which were properly entered until she has prosecuted and obtained a judgment against defendants in an original action in assumpsit. At that time section 407(a) will direct its merger with the confessed judgment. The confessed judgment shall be conformed as to amount, and execution may be had on the confessed judgment. Until these events transpire, we will stay execution on plaintiff's confession of judgment in ejectment and confession of judgment for money.

200

## ORDER OF COURT

And now, this November 25, 1986, for reasons set forth in the accompanying opinion, defendants' petition to strike or open judgment is hereby denied. Execution on the confession of judgment in ejectment and confession of judgment for money is hereby stayed pending compliance with the conditions set forth in this opinion and further orders of court.