## Mlynko v. Sheleheda

*Robert W. Lewis Jr.,* for plaintiff.
*Layden C. Sadecky,* for defendants.

STEEGE, *J.,* February 26, 1988 — On January 19, 1982, plaintiff entered judgment by confession against defendants at the above number and term. On September 4, 1986, plaintiff filed a praecipe for writ of revival, the writ issued and, on October 23, 1986, the judgment was revived. Moving on the judgment as revived, on October 30, 1986, plaintiff filed a praecipe for writ of execution directing execution against real property owned by the individual defendants and located in Economy Borough, this county. That writ issued on October 31, 1986, and was duly served on all defendants.

On January 12, 1987, defendants presented to the court a "petition to strike and/or open judgment." Rules were issued to show cause why the judgment should not be stricken or opened, to which plaintiff filed an answer and an amended answer, after which defendants filed a reply. Briefs were filed and arguments hears, and the matter is now before us for disposition.

In their brief for argument, defendants raised for the first time the applicability to this case of the provisions of Act no. 6 of 1974, as amended, 41 P.S. §101, et seq. They argued in their brief that the real estate against which plaintiff has had execution issue is their residence and that they are thereby enti-

tled to certain of the protections which the act accords. Plainiff discussed the applicability of the act in his reply brief. He did not dispute (although he did not admit) that the property affected is the individual plaintiffs' residence, and he argued that the act was otherwise inapplicable. We take judicial notice that the property levied against was a lot in a residential plan, and we find that plaintiff has issued execution against residential real property.

That finding is dispositive of the matter before us. Section 407(a) of the act, 41 P.S. §407(a), provides in relevant part as follows:

"(a) As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendants as in any original action. . . . The parties to the action shall have the same rights as parties to other original proceedings. . . ."

This court has flatly held that the provisions of section 407(a) must be followed in an execution against "residential real property," even though the underlying transaction which gave rise to the entry of the confessed judgment was not a "residential mortgage" as defined by the act. *Builtrite Construction Company v. Sandra Phillips and Mary Sweeney,* no. 1182 of 1982, D.S.B., (Kunselman, J., 1983), citing and following *Lafayette Trust Bank v. JAJ Corporation,* 17 D.& C. 3d 256 (1980).

The governing law, as cogently explained and correctly applied by Judge Kunselman in *Builtrite,* was later succinctly set forth by the Superior Court

in *RCK Inc. v. Katz,* 331 Pa. Super. 163, 480 A.2d 295 (1984). In setting forth what the holder of a confessed judgment must do before it may lawfuly issue execution against residential real property, the court said:

"Section 407(a) states that in addition to acquiring a confessed judgment, a creditor must obtain a favorable judgment in an 'original action' brought pursuant to section 407(a). Section 407(a) further states that the parties to the original action 'shall have the same rights as parties to other original proceedings.'

"The statutory wording clearly shows that a section 407(a) action is a de novo proceeding wherein the parties are not restricted to claims of defenses raised in conjunction with a creditor's earlier acquisition of a confessed judgment of a debtors' petition to open same." *RCK* at 68, 480 A.2d at 297-8.

In *RCK,* the facts were virtually identical to those in the case at bar. The underlying transaction between the parties had been the purchase and sale of a restaurant business, and the sellers of the business were now attempting to execute against the buyers' residence. *McDowell National Bank of Sharon v. Stupka,* 310 Pa. Super. 143, 456 A.2d 540 (1983), cited by plaintiff as "overruling" *Lafayette* and, by implication, *Builtrite,* is inapposite. That was a deficienty judgment proceeding, and the holder of the confessed judgment had properly filed a mortgage foreclosure proceeding under section 407(a).

Again in their brief, defendants have requested that counsel fees be awarded to them in the event they prevail. That relief was not requested in the petition and is not properly before us. The remedy would be premature in any event. Defendants may request counsel fees (a remedy provided under sec-

tion 407(b) of the act) if plaintiff institutes a proceeding under section 407(a).

We enter the attached

## ORDER

For the reasons set forth in the foregoing opinion, the writ of execution issued on October 31, 1986 is stricken and execution under it is permanently stayed. Plaintiff is directed to proceed under the provisions of section 407 of Act no. 6 of 1974, as amended, 41 P.S. §407(a), and the applicable rules of civil procedure.