J-S38029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CITIZENS BANK OF PENNSYLVANIA | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| ACUITE CONSULTING SOLUTIONS, LLC., CHRISTOPHER A. FUSCO, CASEY LAVELLE, AND AMANDA LAVELLE | : : : : : : : | No. 690 WDA 2021 |
| APPEAL OF: ACUITE CONSULTING SOLUTIONS, LLC. AND CHRISTOPHER A. FUSCO | : : : : | |

Appeal from the Order Entered May 12, 2021
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2019-6579

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED: MARCH 8, 2022**

Appellants, Acuite Consulting Solutions, LLC ("Acuite") and Christopher

A. Fusco ("Fusco") (collectively, "Appellants"), appeal from the May 12, 2021

order entered in the Washington County Court of Common Pleas granting

summary judgment in favor of Citizens Bank National Association ("Citizens")

in this action to conform confessed judgment.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On July 2,

2010, Acuite entered into a loan agreement with Citizens in the original

_____

[*] Retired Senior Judge assigned to the Superior Court.

principal amount of $250,000, as evidenced by a "Revolving Demand Note" (the "Note"). On that same date, Fusco executed and delivered to Citizens a guaranty agreement (the "Guaranty"), wherein he agreed to act as guarantor for all of Acuite's obligations to Citizens in connection with the Note.

On May 3, 2019, Citizens filed a complaint in confession of judgment at a separate docket number alleging that Acuite defaulted for failing to pay the money due to Citizens under the note, and Fusco defaulted on the Guaranty by failing to cure Acuite's default. Thereafter, on May 7, 2019, Citizens obtained a confessed judgment against Appellants in the amount of $263,590.11. Appellants petitioned to open or strike the judgment, which the trial court denied. This Court affirmed the denial of the petition. ***See Citizens Bank National Ass'n v. Acuite Consulting Solutions, LLC and Christopher Fusco***, 2021 WL 1998451 (Pa. Super. 2021) (unpublished memorandum).

At the time Citizens obtained the confessed judgment, Fusco owned the residential real property located at 105 Willoughby Court, Venetia, Washington County. Thus, Citizens' judgment became a lien on the property.

On October 24, 2019, Citizens filed a Complaint to Conform Confessed Judgment against Appellants pursuant to Pa.R.C.P. 2986 and 41 P.S. § 407(a) so that it could execute its judgment against the Willoughby Court property.[1]

_____

[1] Because Fusco transferred the Willoughby Court property to Casey LaValle and Amanda LaValle (the "Successor Owners") on August 5, 2019, without

*(Footnote Continued Next Page)*

Appellants filed an Answer to the Complaint in which they asserted that the Note was an unenforceable contract of adhesion.[2]

Following discovery on this issue, including the deposition of Fusco, Citizens filed a Motion for Summary Judgment pursuant to Pa.R.C.P. 1035.2. In support of its motion, Citizens relied on Fusco's admissions regarding: (1) his level of business sophistication; (2) his access to counsel; (3) that he had negotiated some of the terms of the Note with Citizens; and (4) his freedom to pursue financing with other lenders.[3]  Motion, 11/13/20, at 4-11.

On January 4, 2021, Appellants filed a Brief in Opposition to Summary Judgment in which they asserted that "principles of estoppel should apply in this matter" pending disposition of their appeal from the trial court's order denying their petition to strike or open the confessed judgment allegedly on

---

first satisfying the judgment, Citizens also named the Successor Owners as defendants in this action.  On January 31, 2021, the parties stipulated to the dismissal of Citizens' claims against the Successor Owners.

[2] Appellants asserted this same claim in their prior appeal from the trial court's denial of their petition to open or strike the confessed judgment.  This Court found that Appellants did not raise this defense in their petition to open or strike and, thus, had waived it.  ***Citizens Bank National Ass'n v. Acuite Consulting Solutions, LLC***, 2021 WL 1998451 at * 3 (Pa. Super. 2021) (unpublished memorandum).  However, because an action to execute against residential real estate, *i.e.*, one brought under Act 6 Section 407(a), is a *de novo* proceeding, the parties are not "restricted to claims or defenses raised in conjunction with a creditor's earlier acquisition of a confessed judgment or a debtors' petition to open same."  ***RCK, Inc. v. Katz***, 480 A.2d 295, 297-98 (Pa. Super. 1984).

[3] Citizens annexed to its Motion the portions of Fusco's deposition testimony relevant to its position that there were no genuine issues of material fact as to enforceability of the Note against Appellants.

the grounds that the "boilerplate" Note was a contract of adhesion. Brief, 1/4/21, at 4 (unpaginated). In support of their claim that the Note was unenforceable, Appellants baldly asserted that Fusco "had little to no negotiating power" in this "take it or leave it situation[]" and implied that Citizens' requirement that Fusco personally guarantee the loan prior to loaning Acuite any funds was improper. *Id.* at 6. Appellants did not provide any evidence to support the arguments set forth in their Brief.

On May 12, 2021, the trial court granted Citizens' motion. The court found that Appellants failed to adduce any evidence to support their claim that the Note and Guaranty were unenforceable. Thus, because there were no genuine issues of material fact as to their enforceability, the court concluded that Citizens was entitled to judgment as a matter of law. Memorandum and Opinion ("Trial Ct. Op."), 5/12/21, at 3-4.

This timely appeal followed. Appellants complied with the trial court's order to file a Pa.R.A.P. 1925(b) Statement.[4]

Appellants raise the following issue on appeal:

> [] Whether there exist[] no genuine issues of material fact[] such that [Citizens] is entitled to summary judgment as a matter of law[?]

Appellants' Brief at 8.

_____

[4] On August 20, 2021, the trial court filed a Rule 1925(a) Statement in Lieu of Opinion.

- 4 -

Appellants' issue challenges the trial court's entry of summary judgment in Citizens' favor. Our Supreme Court has clarified our role as the appellate court as follows:

> On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

**Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Id.** (citation omitted); **see also** Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." **Summers**, **supra** at 1159. "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." **Id.** (citation and internal quotation marks omitted).

Rule 1035.3(a) requires that the non-moving party file a response to a motion for summary judgment identifying evidence in the record establish the facts essential to their defense. Pa.R.C.P. 1035.3(a)(2).

In their Brief, Appellants argue that the trial court erred in finding that there were no genuine issues of material fact as to their defense that the Note and Guaranty were adhesion contracts. Appellants' Brief at 17. Reiterating their arguments before the lower court, Appellants assert that "as pled, in the record, [Fusco] was in a position where he had to sign the loan documents at the time of closing and had no choice to obtain other financing, without incurring financial peril." *Id.* In other words, the terms of the Note and Guaranty were unconscionable "in today's modern era of doing business," and therefore unenforceable "because practically, [Fusco] had to have the loan funds or face financial devastation." *Id.* at 17-18.

Appellants have not cited to the place in the record where they presented evidence to support their claim, and our review reveals no such evidence. Instead, Appellants' response to Citizens' motion consisted merely of allegations and argument. Our review confirms the trial court's finding that because Appellants did not identify any evidence establishing facts essential to their defense in response to Citizens' motion for summary judgment, "no part of the summary judgment record" supported Appellants' ongoing claim of unconscionability. Trial Ct. Op. at 3-4 (citing Pa.R.C.P. 1035.3(a)). Thus, the trial court did not err when found that Appellants had not identified any

record evidence to establish facts essential to their unconscionability defense and it properly entered judgment as a matter of law in favor of Citizens.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2022