456 A.2d 540

## The McDOWELL NATIONAL BANK OF SHARON, Pennsylvania, Appellant,

v.

## Milan M. STUPKA and Frances M. Stupka, husband and wife, Anthony J. Frank and Mary S. Frank, husband and wife, and Brimar Construction Company.

Superior Court of Pennsylvania.

Argued April 27, 1982.

Filed Jan. 7, 1983.

Reargument Denied March 21, 1983.

Petition for Allowance of Appeal Denied July 20, 1983.

144

P. Bartholomew, Sharon, for appellant.

William C. Kuhn, Sharon, for Stupka, et al., appellees.

Before ROWLEY, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from Orders of April 27 and June 22, 1981 entered by the Honorable John Q. Stranahan, President Judge, in the Court of Common Pleas, Mercer County. The orders pertain to the dismissal of the appellant's petition for deficiency judgment.

The pertinent facts of this case are as follows: In October, 1977, petitioner, McDowell National Bank of Sharon, Pennsylvania (hereinafter, "appellant") agreed to loan to

the respondents, Milan and Frances M. Stupka, Anthony and Mary S. Frank, and the Brimar Construction Company (hereinafter, "appellees") the sum of $330,000.00. This loan was to be used to consolidate the debts of the appellee, construction company, and to provide the company with working capital. The appellees executed a note in favor of the appellant in the sum of $330,000.00 in addition to giving the appellant a mortgage in the amount of $330,000.00 covering five parcels of land owned by the appellees. In November, 1977, the appellee, construction company gave the appellant a security interest in its construction equipment as added collateral for the $330,000.00 loan and a security agreement was filed shortly thereafter.

On November 25, 1977, the appellees executed a demand note in favor of the appellant in the amount of $330,000.00. This note was part of the overall transaction between appellees and appellant. The collateral of the demand note consisted of the mortgage and the security agreement against the construction equipment. On January 16, 1978, the appellant had judgment confessed against the appellees on the note.

In June of 1979, appellant filed a Complaint in Mortgage Foreclosure against the appellees and a default judgment was entered against appellees in March, 1980. The mortgaged property was sold to the appellant at a foreclosure sale.

In October, 1980, the appellant filed a petition for a deficiency judgment based on the default judgment entered against the appellees on the mortgage foreclosure. This petition was dismissed by the lower court on the basis that a deficiency can be recovered only by an *in personam* judgment, the mortgage foreclosure being an *in rem* judgment. The court supported its decision with the Supreme Court's holding in *Meco Realty Company v. Burns*, 414 Pa. 495, 200 A.2d 869 (1964). The appellant's motion for reconsideration of the dismissal was denied. The court also refused to grant both the appellant's motion to transfer the petition for deficiency judgment to the January 1978 judg-

ment that appellant had confessed against appellees and the motion by appellant to merge the mortgage foreclosure judgment with this confessed judgment.

The appellant raises a number of issues pertaining to whether it can bring this deficiency action under the mortgage foreclosure judgment. It contends the following: (1) that language amending Section 8103(a) of the Judicial Code [1] allows for the filing of a deficiency judgment petition pursuant to judgment underlying the execution proceeding against the mortgaged premises; (2) alternatively, that the original Complaint in Mortgage Foreclosure was sufficient for the entry of a dual judgment, *i.e.* a judgment *in rem and* a judgment *in personam;* (3) that the mortgage foreclosure judgment merged with the earlier confession of judgment; and (4) that the petition for deficiency judgment should have been transferred to this earlier judgment pursuant to rule 213(f) of the rules of civil procedure [2] and Section 5103(c) of the Judicial Code. [3]

First, we consider whether the language amending Section 8103 of the Judicial Code allows for a deficiency judgment petition to be filed under a mortgage foreclosure judgment. Originally, section 8103(a) stated:

Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. 12 P.S. § 2621.1

**1.** 42 Pa.C.S.A. § 8103. This is substantially a reenactment of the act of July 16, 1941, P.L. 400, 12 P.S. § 2621.1, *et seq,* titled "Deficiency Judgment Act."

**2.** Pa.R.C.P., No. 213(f), 42 Pa.C.S.A.

**3.** 42 Pa.C.S.A. § 5103(c).

In 1978, this section was amended by the addition of the following statement:

"The petition shall be filed as a supplementary proceeding in the matter in which judgment was entered."

The appellant argues that this additional sentence simplifies the procedure by which one obtains a deficiency judgment to the extent that the distinction between the *in rem* mortgage foreclosure judgment and the *in personam* deficiency judgment is abolished. This distinction was addressed in *Meco Realty Company v. Burns, supra,* wherein the Court explained "[t]he sole purpose of the judgment obtained through an action of mortgage foreclosure is to effect a judicial sale of the mortgaged property. Once the foreclosure sale has taken place, the purpose of the judgment has been fulfilled and it is rendered *functus officio.*" *Id,* 414 Pa. at 498, 200 A.2d, at 871. Furthermore, it held that the resort to a deficiency judgment proceeding and any further proceeding under the judgment of mortgage foreclosure, having as its object the imposition of personal liability upon the named defendants is a useless action and void at law. The appellant argues that the rule set forth in *Meco* is now modified by the amendment to section 8103(a). We disagree with this interpretation.

■ While we perceive that the added sentence has the effect of simplifying the deficiency judgment procedure, we do not construe it so broadly as to equate an *in rem* proceeding with an *in personam* proceeding. We agree with the lower court's analysis that the amended portion of 8103(a) pertains to a deficiency judgment entered simultaneously with or subsequent to a mortgage foreclosure judgment and that the action to *assess* the deficiency is considered simply a proceeding that is supplementary to the matter in which judgment was entered. We find nothing in the additional provision to even remotely suggest the conversion of a judgment *de terris* into a judgment *in personam.*

■ In Pennsylvania, mortgage foreclosure is governed by the Rules of Civil Procedure,[4] the requirements of which must be strictly followed. *First Federal Savings and Loan Association v. Porter*, 408 Pa. 236, 183 A.2d 318 (1962). Our decision in *Signal Consumer Discount Company v. Babuscio*, 257 Pa.Super. 101, 390 A.2d 266 (1978), which was entered *after* the amendment to section 8103(a), defined and maintained the distinction between *in personam* and *in rem* judgments. Here, we recognized that the very definition of a mortgage foreclosure action, under Rule 1141(a) of the rules of civil procedure,[5] excludes an action to enforce personal liability. This restriction, we determined, is essential to preserve the *"de terris"* identity of the mortgage foreclosure. From this, it is obvious that had the legislature intended to abolish this distinction, it would have indicated so under those rules which promulgate the distinction. In light of the foregoing analysis, we decline to find any merit in the appellant's first argument.

The appellant's next claim that its original Complaint in Mortgage Foreclosure was sufficient for the entry of a dual judgment against the appellees is unsupported by the record. It cites, as its basis, our decision in *Kretschman v. Stoll*, 238 Pa.Super. 51, 352 A.2d 439 (1975), wherein a mortgagee was allowed to secure, simultaneously, an *in rem* judgment against the property and an *in personam* judgment against the mortgagor for the deficiency. At the outset of our discussion of that case we acknowledged that the law is clear regarding the invalidity of utilizing the Deficiency Judgment Act[6] to impose personal liability where personal judgment was not obtained. We determined, however, that a dual judgment entered on a Complaint which asks specifically for a judgment on the bond or

4. Pa.R.C.P. Nos. 1141–1164, 3180–3183, 42 Pa.C.S.A.

5. Pa.R.C.P. No. 1141, 42 Pa.C.S.A. We further held that the only exception to this rule is Pa.R.C.P., No. 1148 which allows a defendant to assert a contractual counter-claim arising out of a mortgage transaction against the mortgagee.

6. See n. 1, supra.

note and a judgment in mortgage foreclosure constitutes an exception to this rule.

■ In *Kretschman,* the mortgagee's prayer for relief reads as follows:

Plaintiffs demand judgment against the Defendants in the amount of forty-five thousand ($45,000.00) dollars together with interest and attorney's commission and for other interests, costs, charges collectible under the mortgage and *for the foreclosure and sale of the mortgaged property.* (Emphasis in original)

238 Pa.Super. at 60, 352 A.2d at 441. In the instant case it is apparent from the record that the appellant was interested solely in the mortgage foreclosure. Its prayer for relief does not comport with the *Kretschman* standards for joining an action in assumpsit on a mortgage bond with an action in mortgage foreclosure.[7] It contained no more than what is required for relief under a mortgage foreclosure. Pa.R.C.P., No. 1147(6) 42 Pa.C.S.A. We find the Complaint insufficient to obtain both *in rem* and *in personam* judgments against the appellees.

The appellant's argument that the mortgage foreclosure merged with the confessed judgment of January 16, 1978, is predicated on the provisions of Act No. 6 of 1974, 41 P.S. § 407(a).[8] The appellant asserts that if those judgments

---

7. In its prayer for relief, the appellant states:
   Wherefore the plaintiff demands judgment against the defendants, jointly and severally, in the amount of $347,192.30 plus interest from March 3, 1980.

8. § 407. Confession of Judgment
   (a) As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. The judgment by confession shall be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed

were merged then its petition for a deficiency judgment was filed under a judgment *in personam* and, therefore, the lower court erred in dismissing that petition.

The appellant maintains that Section 407(a) of Act No. 6 of 1974 (hereinafter, "Act") had precluded it from issuing execution on the confessed judgment until it had obtained a judgment in an "appropriate action." Furthermore, it argues that the mortgage foreclosure is that "appropriate action" which should have merged with the confessed judgment. Following a review of the entire record and relevant statutes, we find the provisions of the Act to be inapplicable to the appellant's case.[9]

■ The Act is concerned, virtually, with the "residential mortgage" obligation and with the procedure to be employed in the event of default thereof. The existence of a "residential mortgage," then, to some extent, is a triggering mechanism which will bring into play the Act's provisions. *General Electric Credit Corp. v. Slawek*, 269 Pa. Super. 171, 409 A.2d 420 (1979). The appellant attempts to categorize the transaction that occurred between it and the appellees as a "residential mortgage" thereby placing it within the ambit of the Act. This is based on the fact that at least two of the five parcels of land described in the mortgage constituted "residential real property" under the Act.[10] However, a "residential mortgage" is defined as follows:

> as to amount and execution shall be had on the confessed judgment. The parties to the action shall have the same rights as parties to other original proceedings. Nothing in this act shall prohibit a residential mortgage lender from proceeding by action in mortgage foreclosure in lieu of judgment by confession if the residential mortgage lender so desires.

**9.** The lower court and both parties assume the Act No. 6 of 1974, 41 P.S. § 101, *et seq.*, is applicable to the facts of this case. Within the context of this Act, the lower court reasoned correctly that Pa.R.C.P. No. 2981 specifically excludes actions in mortgage foreclosure from the definition of "action" and, therefore is not deemed "appropriate" under the provisions of Section 407(a) of the Act.

**10.** 41 P.S. § 101.

"Residential mortgage" means an obligation to pay a sum of money in *an original bone fide principal amount of fifty thousand dollars ($50,000) or less,* evidenced by a security document and secured by a lien, upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit.

41 P.S. § 101. (Emphasis added). The record of this case indicates that the mortgage was executed to secure the $330,000.00 that was owed to the appellant. The amount of this obligation clearly exceeds the statutory limit of $50,-000.00 or less required to qualify the transaction as a "residential mortgage". We conclude, therefore, that the provisions of the Act have no bearing on the transactions involved in this case, and consequently, that the mortgage foreclosure and confessed judgments do not merge.

■ Finally, it is contended that, pursuant to Section 5103(c) of the Judicial Code[11] and Pa.R.C.P. 213(f),[12] the deficiency judgment petition should have been transferred to the confessed judgment. We agree with the lower court's assessment that the appellant has misinterpreted these statutory provisions. Section 5103(c) of the Judicial Code provides:

(c) Interdivisional transfers.—If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

"Division" is defined as follows:

11. See n. 3, *supra.*

12. See n. 3, *supra.*

"Division." An administrative unit composed of those judges of the court responsible for the transaction of a specified class of business of the court. In a court having two or more divisions, each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be located among the divisions of the court by or pursuant to general rules.

42 Pa.C.S. § 102. Similarly Pa.R.C.P. Section 213(f) states:

(f) When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction. It shall be the duty of the prothonotary or clerk of the court in which the action is commenced to transfer the record together with a certified copy of the docket entries to the prothonotary or clerk of the court in which the action is transferred.

These statutes pertain to disputes over which court has subject matter jurisdiction in a given case. The underlying issue in this appeal is not whether the lower court has jurisdiction, or whether the appellant's action was commenced in the appropriate court, but whether a deficiency judgment petition was filed under the proper judgment. The cited provisions, therefore, do not support the appellant's argument.

We affirm the Orders of the lower court dismissing the deficiency judgment petition and denying the appellants motions to transfer and to merge.[13]

Orders affirmed.

13. Appellant was granted leave to file a supplemental brief by order of this court on October 27, 1982. We have considered its supplemental argument wherein the appellant relies quite heavily on the case of *Dearnley v. Survetnick*, 360 Pa. 572, 63 A.2d 66 (1949). We find that this decision does not support the appellant's claim and therefore does not require a contrary result.