573 A.2d 591

The FIRST NATIONAL BANK OF ALLENTOWN

v.

George W. KONESKI and Miriam J. Koneski, Husband and Wife, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 23, 1990.

Filed April 23, 1990.

534

John M. Yarema, Emmaus, for appellants.

Charles J. Hair, Allentown, for appellee. (submitted)

Before CIRILLO, President Judge, and HOFFMAN and BROSKY, J.

BROSKY, Judge.

This is an appeal from an order of the trial court denying appellants' petition requesting counsel fees and costs. The sole issue presented for review is whether appellants are entitled to recover counsel fees and costs pursuant to the provisions of the Loan Interest and Protection Law.

The present action arises out of a loan agreement between the First National Bank of Allentown (FNB), appellee, and appellants George Koneski and his wife, Miriam Koneski. In January 1980, appellants obtained a $65,000.00 loan from FNB for the construction of a residence by George Koneski, Inc., a home construction company. George Koneski was the president and sole shareholder of George Koneski, Inc.; Miriam was a secretary of the corporation. George Koneski, Inc. had prior loan arrangements with FNB, and at this time, some of these loans were outstanding and unsecured. Due to the reorganization of the corporate loan department and a change in the loan policy at FNB, George and Miriam Koneski were required to sign a guaranty on the loan. The guaranty contained a confession of judgment clause and purported to hold appellants personally liable for the amount of the loan as well as for all prior debts of George Koneski, Inc.

In August 1981, FNB confessed judgment against appellants in the sum of $170,918.80. A writ of execution was issued in November 1983 which directed the Sheriff to levy

upon appellants' property. The Koneskis filed a petition to open judgment which was granted by order of the trial court and subsequently affirmed by this court in an unpublished memorandum decision. *See First National Bank of Allentown v. Koneski*, 376 Pa.Super. 646, 541 A.2d 796 (1988) (per curiam). On February 17, 1988, appellants petitioned the trial court to recover attorney's fees and costs. The trial court denied the petition and held that counsel fees and costs are recoverable under the Loan Interest and Protection Law only where a residential mortgage is involved. Because the mortgage in this case was in excess of $50,000.00, the trial court concluded that it was not a residential mortgage, and therefore found the Loan Interest and Protection Law to be inapplicable. For the reasons set forth below, we reverse the order of the trial court and remand for further proceedings.

We begin our analysis with a review of the Loan Interest and Protection Law, 41 P.S. §§ 101–605 (hereinafter Act 6). No provision in Act 6 specifically defines its scope, nor is there any provision which mandates exclusive application to residential mortgages.[1] Rather, it appears that Act 6 was intended to regulate a variety of loan transactions. *See Anderson Contracting Co. v. Daugherty*, 274 Pa.Super. 13, 17, 417 A.2d 1227, 1229 (1979), appeal dismissed, 492 Pa. 630, 425 A.2d 329 (1980) and 41 P.S. § 101, Title of Act.[2]

---

**1.** 41 P.S. § 101 defines a residential mortgage as "an obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000) or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit."

**2.** The Title states that Act 6 is [a]n Act:
regulating agreements for the loan or use of money; establishing a maximum lawful interest rate in the Commonwealth; providing for a legal rate of interest; detailing exceptions to the maximum lawful interest rate for residential mortgages and for any loans in the principal amount of more than fifty thousand dollars and federally insured or guaranteed loans and unsecured, uncollateralized loans in excess of thirty-five thousand dollars and business loans in excess of ten thousand dollars; providing protection to debtors to whom loans are made including the provision for disclosure of facts

Thus, "certain provisions of Act 6 may be applicable to a certain transaction, while others are not." *In re Jackson,* 92 B.R. 987, 997 (E.D.Pa.1988).

■ In determining whether appellants are entitled to recover, we must first ascertain whether specific provisions of Act 6 apply to this case. Initially, appellants contend that counsel fees and costs are recoverable under § 407 of the act which provides:

> (a) As to *any residential real property,*[3] a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. The judgment by confession shall be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the confessed judgment....

> (b) *Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession*

relevant to the making of residential mortgages, providing for notice of intention to foreclose and establishment of a right to cure defaults on residential mortgage obligations, provision for the payment of attorney's fees with regard to residential mortgage obligations and providing for certain interest rates by banks and bank and trust companies; clarifying the substantive law on the filing of an execution on a confessed judgment; prohibiting waiver of provisions of this act, specifying powers and duties of the secretary of banking, and establishing remedies and providing penalties for violations of this act.

**3.** Residential real property is defined as "real property located within this Commonwealth containing not more than two residential units or on which not more than two residential units are to be constructed and includes a residential condominium unit." 41 P.S. § 101.

shall be entitled to recover reasonable attorney's fees and costs as determined by the court. [Emphasis added.]
It is significant to note that § 407(a) is not limited to confession of judgment proceedings involving residential real property which is encumbered by a residential mortgage. Instead, § 407(a) describes the procedure to be utilized in confessing judgment against "*any* residential real property. [Emphasis added.]"[4] *See Drum v. Leta,* 354 Pa.Super. 448, 452, 512 A.2d 36, 37 (1986) and *In re Jackson, supra.* Moreover, subsection (a) refers to "plaintiffs" and does not define this term as relating solely to residential mortgage lenders. Similarly, § 407(b) is not restricted to residential mortgage debtors,[5] but applies to "*any* debtor". In view of the amendments to the statute and the terms used by the legislature, we hold that § 407 is not exclusively limited to actions involving confession of judgment against a residential mortgage, but applies to all confession of judgment proceedings where residential real property is concerned.

In determining that Act 6 was inapplicable to this case, the trial court ignored the amended language in § 407 and relied on *McDowell National Bank of Sharon v. Stupka,* 310 Pa.Super. 143, 456 A.2d 540 (1983). The trial court concluded that *Stupka* was still good law despite the 1978 amendment and the pronouncements of this court in *Drum v. Leta, supra* and *Gardner v. Clark,* 349 Pa.Super. 297, 503 A.2d 8 (1986). Contrary to the decision of the trial court, *Stupka* is inapplicable to the case before us, as it did

4. The language in § 407(a), as provided in the original 1974 statute, only applied to residential mortgages. *See* Act of January 30, 1974, P.L. 13, No. 6., § 407(a). The amendment to this section of the Loan Law, however, changed the term "residential mortgages" to read "residential real property". *See* Act of October 5, 1978, P.L. 1100, No. 258, § 407(a). Therefore, by amending the statute, the legislature evinced a clear intent that the provisions of § 407 should be applied to actions involving confession of judgment against all residential real property, and not merely those involving residential mortgages.

5. A residential mortgage debtor is one who is "a non-corporate borrower who is obligated to a residential mortgage lender to repay in whole or in part a residential mortgage and a successor record owner of the property, if any, who gives notice thereof to the residential mortgage lender." 41 P.S. § 101.

not involve an interpretation of § 407(b).[6]  Therefore, it was error for the trial court to rely on *Stupka* and ignore our subsequent decisions.

■  Even if we were to determine that § 407(b) applies exclusively to residential mortgages, it appears that appellants are still entitled to recover attorney's fees and costs pursuant to 41 P.S. § 503(a) which provides:

If a borrower or debtor, *including but not limited to a residential mortgage debtor,* prevails in an action arising under this act, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.  [Emphasis added.]

**6.**  The specific issue in *Stupka* was whether a confession of judgment could be merged with a judgment resulting from mortgage foreclosure.  This court determined that mortgage foreclosure and confessed judgments do not merge.  *Stupka,* 310 Pa.Super. at 151–152, 456 A.2d at 544.  In arriving at this conclusion, we observed that § 407(a) directs that the creditor first commence an original action and proceed to judgment.  Thus, § 407(a) requires that there be two judgments: the judgment obtained in the original action and the confessed judgment.  *See RCK, Inc. v. Katz,* 331 Pa.Super. 163, 170–171, 480 A.2d 295, 299 (1984) and *General Electric Credit Corp. v. Slawek,* 269 Pa.Super. 171, 179, 409 A.2d 420, 423–424 (1979).  As set forth in the Explanatory Note to Pa.R.C.P. 2981(a), a mortgage foreclosure action is excluded from the type of original actions required by § 407(a).  Consequently, the merger of mortgage foreclosure and confessed judgments is prohibited by § 407(a) and Rule 2981.  *Stupka,* 310 Pa.Super. at 150 n. 9, 456 A.2d at 544 n. 9.

In addition to the above, we further stated that § 407(a) was inapplicable because the Stupkas' mortgage was in excess of $50,-000.00.  This conclusion was unnecessary to the resolution of the issue, however.  More importantly, it is clear that the panel applied the 1974 version of the statute, despite the fact that the amended 1978 version was quoted.  *See Stupka,* 310 Pa.Super. at 149–150 n. 8, 456 A.2d at 544 n. 8.  Although the reason for this discrepancy was not discussed in the opinion, one plausible explanation is that the amended statute did not apply because the confession of judgment was entered in January 1978, prior to the amendment of § 407(a).  Therefore, the court might have considered the amendments to be inapplicable.  Regardless of the reason for this anomaly, *Stupka* was correctly decided and need not be overruled.  However, because the court did not address the effect of the amended language, the reasoning in *Stupka* must be rejected to the extent that it conflicts with our discussion here.  *See In re Jackson, supra.*

Because § 503(a) explicitly applies to *all* debtors and not just residential mortgage debtors, it is clear that appellants are entitled to recover their reasonable costs and attorney's fees if they can establish that they have prevailed against the creditor.

■ Therefore, we must next determine whether appellants have prevailed as described in §§ 407(b) and § 503(a). In *Gardner v. Clark, supra,* this court held "that a party prevails if he or she succeeds in obtaining substantially the relief sought." *Gardner,* 349 Pa.Super. at 302, 503 A.2d at 10. FNB contends in its brief that because the judgment was only opened, it is still a valid judgment. We specifically rejected this argument in *Gardner* and observed that

> [i]rrespective of future attempts to collect this judgment, [the] ... present attempt to enforce it against [the] ... residence has been successfully resisted.... [O]ne fact remains clear ... [a]ppell[ant]s have prevailed [and] this is not changed by the lingering possibility that appell[ee] may at some time in the future collect the judgment by other means.

*Id.* Thus, despite the fact that the judgment has been opened, we find that the Koneskis have prevailed as described in §§ 407(b) and 503(a) since they have obtained the relief which they sought and successfully prevented FNB from executing on the confessed judgment. Therefore, once it has been found that a debtor has prevailed, the award of reasonable counsel fees and costs is mandatory. *See Drum v. Leta, supra,* 354 Pa.Super. at 453, 512 A.2d at 38. Accordingly, the Koneskis are entitled to receive reasonable counsel fees and costs from the appellant, and we remand this matter to the trial court for a determination of the precise amount.

Order reversed and the case case is remanded for a determination of the amount of counsel fees and costs appellants are entitled to receive. Jurisdiction relinquished.