585 A.2d 49

**CONTINENTAL BANK, Appellant,**

v.

**Joseph ROSEN and Lillian Rosen.**

**CONTINENTAL BANK, Appellant,**

v.

**Alan SIMONS and Annette Simons.**

Superior Court of Pennsylvania.

Argued Oct. 16, 1990.

Filed Jan. 22, 1991.

Glenn S. Gitomer, Philadelphia, for appellant.

Daniel B.V. Pierson, Philadelphia, for appellee Rosen.

Howard Gershman, Plymouth Meeting, for appellee Simons.

Before DEL SOLE, POPOVICH and BROSKY, JJ.

BROSKY, Judge.

This is a consolidated appeal from orders granting stays of execution and awarding costs and attorney's fees. Appellant raises one issue, which, as paraphrased, is whether the protections of 41 P.S. § 407(a), apply to an action

against real estate where the principal on the confessed instrument exceeds $50,000? We affirm.

Briefly stated the facts of relevance are: appellees were sureties to certain commercial loans secured by mortgages and containing confession of judgment provisions. There was a default on the loan and judgment was confessed. The principal of the loans substantially exceeded $50,000 as did the confessed judgment. Appellant sought to execute upon the residences of appellees by the filing of a writ of execution based upon the confessed judgment. However, appellees objected asserting that the provisions of 41 P.S. § 407(a) precluded execution upon their residence upon a confessed judgment. The trial court agreed, stayed execution and awarded costs and attorney's fees pursuant to the act.

Quite simply stated, the issue for our determination is whether the protections set forth at 41 P.S. § 407, precluding execution upon residential property upon confessed judgment and requiring the judgment creditor to file an appropriate action and proceed to judgment prior to executing upon such residential property, apply when the amount of the principal involved exceeds fifty thousand dollars. Quite simply stated, the answer is yes.

The statute in question provides that "[a]s to any *residential real property*, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, ... until plaintiff, ... files an appropriate action and proceeds to judgment or decree against defendant as in any original action...." 41 P.S. § 407(a). (Emphasis added). Residential real property is defined at 41 P.S. § 101 as "real property located within this Commonwealth containing not more than two residential units or on which not more than two residential units are to be constructed and includes a residential condominium unit." It has not been contested that the personal residences which are the subject of the execution attempts in this case fall within the definition of residential real property. Thus, an elementary reading of the statute would suggest that the

protections of the act apply to the attempted execution. The controversy in this case revolves around an earlier version of the statute, since revised, that had used the term "residential mortgage" where the term "residential real property" is found. "Residential mortgage" is defined, in material part, as an obligation with an original principal amount of $50,000 or less secured by a lien against residential real property. *Id.* Since the original principal amount in question in this case greatly exceeds the fifty thousand dollar mark the obligation is not a residential mortgage under the definitions of the act. Although the fact that the obligation in question is not a residential mortgage would seem to be of no significance under the current version of the law, appellant argues that the amount of the debt obligation remains significant in determining the applicability of the § 407 protections even after the amendment in question. Appellant further contends that a decision of this court supports this theory. This opinion is being published to dispel any lack of clarity that could be argued to exist in wake of the amendment to § 407(a) and, hopefully, to curtail further spurious litigation of what we would have thought to have been a decided point.

Appellant hangs its hat, so to speak, upon the decision of this court in *McDowell National Bank of Sharon v. Stupka*, 310 Pa.Super. 143, 456 A.2d 540 (1983). There we decided a question of whether a deficiency judgment had been preserved by the obtaining of a mortgage foreclosure judgment. The attempt to recover the deficiency was dismissed by the trial court upon motion as a deficiency can be recovered only by an *in personam* judgment. A mortgage foreclosure is considered an *in rem* judgment. Appellant bank argued that the mortgage foreclosure judgment and confessed judgments had merged, thus providing the *in personam* judgment necessary for recovering the deficiency. One argument advanced by the bank in furtherance of this theory, and perhaps born somewhat out of desperation, suggested that the act in question precludes execution on

residential mortgages upon a confessed judgment until plaintiff files the "appropriate action" specified in the act, which, the bank argued, should have merged with the confessed judgment. Apparently the logic, or, perhaps, illogic, of the argument was that since execution was not precluded under the act then we can assume the requirements of the act were met, which would mean that there had been obtained a personal judgment and the judgments would have merged.

Despite this argument we found that mortgage foreclosure and the confessed judgments did not merge. In arriving at this conclusion, and dealing with this quizzical argument, we stated that the provisions of the act had no bearing on the transactions involved in that case. Part of our analysis of this argument, (see reasoning below), was that the mortgage in question was not a residential mortgage under the act as it was for an original principal obligation of $330,000. Somehow from this opinion appellant here concludes that *Stupka* supports a theory that the protections of the act, as currently amended, do not apply to a residential mortgage in excess of $50,000 regardless of whether there is residential real property at issue; an argument that would have had substantial validity prior to the 1978 amendment, but is patently lacking any persuasiveness in light of that amendment. We find this argument specious for several reasons.

First, the protections of the act were not at issue in *Stupka*, rather the issue in that case was whether there had been a merger of judgments, thus, there is not a dispositive holding on the issue here in any event, but, at best, only persuasive authority discussing the applicability of the act. Second, the court indicates specifically at footnote 9 that the parties assumed that the act of 1974, the act as worded prior to the relevant amendment, applied to the facts of that case. Thus, any analysis set forth in the opinion could not be construed to apply the pertinent revision in the statute.[1]

---

1. It would seem rather obvious that if this case were being decided under the previous version of the statute the protections of the act

Third, there is no indication that the debtor objected to the execution upon the residence. Consequently, it cannot be assumed from the fact that the execution took place that the terms of the statute were met, or alternatively, that the debtor was without power to prevent the execution had an objection been lodged. Fourth, the court positively asserts nothing more than that the mortgage would not be deemed a residential mortgage under the definitions of the act, a fact that was true both prior to, and subsequent to, the amendment in question. Apparently, this commentary was in response to the appellant bank's assertion that the mortgage *was* a residential mortgage. However, regardless of this comment, the court does not assert that had the mortgage been within the $50,000 limit the act would have precluded execution, nor does the court indicate that the only thing preventing the protections of the act from applying is the fact that the mortgage principal was in excess of $50,000. Indeed, execution in *Stupka* was facilitated by an action in mortgage foreclosure which, under the terms of the act, would appear to be another acceptable approach for the creditor to proceed with execution.[2] Thus, were we to assume from the fact that the execution took place that it could not have been prevented by the debtor, which is essentially the assumption appellant here asks us to make, it is still entirely possible that the debtor was construed to be without power to prevent execution simply because the creditor bank had proceeded by mortgage foreclosure. Of course, as appellant here did not proceed by mortgage foreclosure this argument is unavailable to it.

The only ammunition in *Stupka* for appellant's theory is the commentary in the opinion that the mortgage is not a residential mortgage under the act, a fact that is given here, and the fact that the court footnoted the text of the

would not have applied because the action would not have been upon a residential mortgage.

2. 41 P.S. § 407(a) states in relevant part: [n]othing in this act shall prohibit a residential mortgage lender from proceeding by action in mortgage foreclosure in lieu of judgment by confession if the residential mortgage lender so desires.

current version of the act. Appellant has grasped at this straw to indicate that the entire discussion was an interpretation of the act as amended. However, as outlined above, there are serious flaws in this theory and the mere fact that the amended version of the act was quoted in a footnote does not provide the quantum leap in logic necessary to support appellant's theory. Nothing in the opinion indicates that the focus of the protection under the revised act is qualification as a residential mortgage as opposed to qualification as residential real property. Furthermore, we would have thought that any doubt as to the proper interpretation of the act would have been clarified by our decision in *First National Bank of Allentown v. Koneski*, 392 Pa.Super. 533, 573 A.2d 591 (1990).

In *Koneski* we decided whether, under the act, debtors who successfully blocked execution on their residence under § 407(a) were also entitled to attorney's fees and costs. The trial court denied these costs because the mortgage in question exceeded $50,000 and was not a residential mortgage under the act. We reversed indicating the operative factor under the act was no longer "residential mortgage" but was "residential real property." We stated: "§ 407(a) is not limited to confession of judgment proceedings involving residential real property which is encumbered by a residential mortgage. Instead, § 407(a) describes the procedure to be utilized in confessing judgment against '*any* residential real property.'" (Emphasis in original, citation deleted). At footnote 4 we stated: "[t]herefore, by amending the statute, the legislature evinced a clear intent that the provisions of § 407 should be applied to actions involving confession of judgment against all residential real property, and not merely those involving 'residential mortgages.'" Similar to the argument made by appellant here, the trial court in *Koneski* had read *Stupka* to stand for the proposition that despite the 1978 amendments to the statute, § 407 applied only to actions on residential mortgages. Similar to our discussion above, we explained why *Stupka* did not support that proposition, and further added that to

the extent *Stupka* conflicted with the holding being made in *Koneski,* that reasoning must be rejected. In light of our decision in *Koneski* we find it difficult to believe that this argument is *still* being advanced in a case like the present one.

Orders affirmed.

POPOVICH, J., concurs in the result.