## Toot v. Samuelson

*Ray A. DePaola,* for plaintiff.
*Francine Donnorummo,* for defendants.

MOTT, *J.,* September 9, 1994—

### HISTORY

The parties to this action entered into a land contract on October 6, 1992. The terms of the contract required the plaintiff to sell certain realty and improvements to the defendants for $140,000. After a $35,000 down payment, the purchase price was to be paid $950 per month by the defendants. The agreement also required the defendants to maintain insurance on the improvements and provided that the parties would prorate the real estate taxes for the first year.

The defendants became in arrears on their installment payments to the plaintiff around September 1993. Further, in December of 1993 the defendants were notified that their insurance policy had lapsed. Additionally, the defendants made only a $100 payment towards the real estate taxes the entire time they were in possession. Thus, on January 11, 1994 the plaintiff confessed judg-

ment in ejectment against the defendants, as authorized by the land sale contract.

On March 7, 1994 the defendants filed a petition to open or strike the writ of possession and a hearing on the petition was held July 5, 1994. The petition is now before us for disposition.

## DISCUSSION

It is well-settled that a petition to strike a confessed judgment operates as a demurrer to the record and must address only those defects which appear on the face of the record. It may not raise extraneous matters. See *Dollar Bank v. Northwood Cheese Co.* 431 Pa. Super. 541, 637 A.2d 309 (1994); *Commonwealth National Bank v. Boetzelen,* 338 Pa. Super. 237, 487 A.2d 943 (1985); *Haggerty v. Fetner,* 332 Pa. Super. 333, 481 A.2d 641 (1984); *J.F. Realty Co. v. Yerkes,* 263 Pa. Super. 436, 398 A.2d 215 (1979). Typically, the defects which justify a motion to strike arise when the judgment entered is grossly excessive or includes recovery for items not allowed in the agreement authorizing a confession of judgment. *Yerkes, supra* at 440, 398 A.2d at 215 (citing *Colony Federal Savings and Loan Association v. Beaver Valley Engineering Supplies Co.,* 238 Pa. Super. 540, 361 A.2d 343 (1976) and *H.A. Steen Industries Inc. v. Richer Communications Inc.,* 226 Pa. Super. 219, 314 A.2d 319 (1973)).

It is equally well-settled that a party seeking to open a confessed judgment must act promptly, allege a meritorious defense, and present sufficient evidence of that defense so as to require submission of the issue to a jury. *PNC Bank National Association v. Balsamo,* 430 Pa. Super. 360, 634 A.2d 645 (1993); *Rittenhouse v. Barclay White Inc.,* 425 Pa. Super. 501, 625 A.2d 1208 (1993); *Sams Corp. v. Garin,* 352 Pa. Super. 105,

507 A.2d 402 (1986); *Lambakis v. Exar,* 340 Pa. Super. 483, 490 A.2d 882 (1985); *Weitzman v. Ulan,* 304 Pa. Super. 204, 450 A.2d 173 (1982). We are guided by these principles in this case.

The defendants' petition raises a variety of allegations. Most of them are extraneous matters which go outside the face of the record. Thus, we will not consider them. *Dollar Bank, supra;* see also, *Yerkes, supra.* The defendant also contends that the plaintiff's complaint for confession of judgment violated Pa.R.C.P. 237.1 and 1018.1 and are defects on the face of the record. This argument is without merit.

Rule 237.1 requires a party who seeks to take a default judgment to first provide a 10-day written notice to the defaulting party. The defendant correctly states that no such notice was given by the plaintiff. However, the law clearly does not require that a Rule 237.1 notice be given where a party is entering a confession of judgment. Indeed, the explanatory notes following the rule specifically state: "*The Rule* [237.1], of course, *does not apply to judgments by confession* since these are not judgments by default." Pa.R.C.P. 237.1 (explanatory notes) (emphasis added); see also *Pennwest Farm Credit ACA v. Hare,* 410 Pa. Super. 422, 600 A.2d 213 (1991).

Likewise, the defendant contends that the plaintiff's complaint for confession of judgment did not contain a 20-day notice to defend as required by Pa.R.C.P. 1018.1. Again, this contention by the defendants is clearly erroneous. Pa. R.C.P. 2971 requires an action to recover possession of real property by confession be commenced by the filing of a complaint that is substantially in the form provided by Pa.R.C.P. 2952. Fur-

ther, Pa.R.C.P. 2952(j) states in part: "The complaint shall neither contain a notice to defend nor be endorsed with a notice to plead. ..." Accordingly, these allegations in the defendants' petition are without merit and the judgment will not be stricken.

We now turn to the request to open the judgment. The defendant contends that the plaintiff did not follow the provision of the Act of January 30, 1974, P.L. 13, no. 6 §101 et seq., as amended, 41 P.S. §101 et seq. and violated the Act by confessing judgment. Thus, the defendants argue that the judgment should be opened. The plaintiff conversely asserts that Act 6 is not applicable to the present case because Act 6 only concerns residential mortgages with a principal amount of $50,000 or less. See Act 6, §101, as amended, 41 P.S. §101. The land contract in the present case obligated the defendants to pay a principal amount of $140,000. Therefore, the plaintiff argues that by its definition, Act 6 is not applicable to this matter.

The key provision of Act 6 is found in section 407(a) which states in part: "As to any *residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession* ... until plaintiff ... files an appropriate action and proceeds to judgment or decree against defendant as in any original action." Act 6, §407(a), as amended, 41 P.S. §407(a). (emphasis added)

The trigger to the provision of section 407 is the definition of "residential real property" not that of "residential mortgage." A residential mortgage is defined as an obligation to pay a principal sum of $50,000 or less. See Act 6, §101, as amended, 41 P.S. §101. However, section 407(a) does not rely upon the term

"residential mortgage" and thus, its provisions apply to any confessed judgment upon "residential real property." [1] *First National Bank of Allentown v. Koneski,* 392 Pa. Super. 533, 573 A.2d 591 (1990); *Continental Bank v. Rosen,* 401 Pa. Super. 285, 585 A.2d 49 (1991); see also, *Continental Bank v. Simons,* 6 D.&C.4th 554 (C.P. Montgomery 1990); *Mlynko v. Sheleheda,* 50 D.&C.3d 491 (C.P. Beaver 1988); *Lafayette Trust Bank v. JAJ Corp.,* 17 D.&C.3d 256 (C.P. Northampton 1980).

The Act defines "residential real property" as "real property ... containing not more than two residential units. ..." See Act 6, §101, as amended, 41 P.S. §101. In the case at bar, it is undisputed that this parcel was residential real property within the meaning of Act 6. Hence, the protective provisions of the Act apply. *Rosen, supra* at 287, 585 A.2d at 50.

Our inquiry does not end there, however. Although it is clear from the record that the plaintiff did not follow the procedures outlined in Act 6, we cannot open the confessed judgment for that reason alone. See *General Electric Credit Corp. v. Slawek,* 269 Pa. Super. 171, 409 A.2d 420 (1979); *Beamesderfer v. Hoke,* 42 D.&C.3d 195 (C.P. Lebanon 1986). Indeed, section 407(a) only required the plaintiff to file an appropriate action and proceed to judgment or decree against the defendants prior to executing on the confessed judgment. Thereafter, the two judgments merge and execution may be had. See Act 6, §407, as amended, 41 P.S. §407; see also, *RCK Inc. v. Katz,* 331 Pa. Super. 163, 480 A.2d 295 (1984); *Beamesderfer, supra; Mlynko, supra.*

---

1. In 1978 section 407(a) was amended. The words "residential real property" were substituted, replacing the words "residential mortgage." 41 Pa.C.S. §407.

In *RCK Inc., supra,* the Superior Court made it clear that a section 407(a) action is a de novo proceeding *and is in addition to a previously confessed judgment. Id.* at 168, 480 A.2d at 297-98. (emphasis added) A creditor must institute an original action against the defendant under the auspices of section 407(a). *Beamesderfer, supra.* Accordingly, we will not strike or open the plaintiff's confessed judgment for failing to adhere to section 407. However, until such events transpire to satisfy the applicable provisions of Act 6, we will stay execution on the confession of judgment in ejectment. See Pa.R.C.P. 3121(b); *Beamesderfer, supra.*

For all of the foregoing reasons, the court enters the following:

## ORDER

And now, September 9, 1994, in accord with the opinion filed this date, the defendants' petition to strike or open judgment is denied and dismissed. However, execution on the confessed judgment in ejectment is hereby stayed pending compliance with the conditions set forth in this opinion and further order of the court.

