Lawrence **HIGGINS**, Appellant,

v.

John **PAVIDIS**, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 9, 2003.

Filed Dec. 16, 2003.

Lee A. Stivale, Philadelphia, for appellant.

Jean Dortan, Easton, for appellee.

Before: GRACI, OLSZEWSKI, and CAVANAUGH, JJ.

GRACI, J.

¶ 1 This is an appeal of the December 23, 2002, Order of the Northampton County Court of Common Pleas denying Appellant's, Lawrence Higgins (hereinafter "Higgins"), Motion for Post–Trial Relief. Judgment had been confessed against Appellee, John Pavidis (hereinafter "Pavidis"), for possession, after he defaulted on an installment sales agreement entered into with Higgins. We reverse.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Higgins entered into an installment sales agreement with Lost Lake Enterprises, by and through its managing director Pavidis, whereby Lost Lake Enterprises was to purchase property in Northampton County, Pennsylvania on the terms and conditions set forth in the agreement. Pavidis was later assigned and substituted for Lost Lake Enterprises as the buyer in an amendment to the agreement. The agreement provided for monthly payments of $2,100. No payments were made from June 2001 until the present time. Higgins' confession of judgment for possession of the premises arose out of Pavidis' refusal to pay the balance owed to Higgins.

¶ 3 On October 1, 2001, Higgins confessed judgment for possession of the property. Pavidis filed a petition to stay execution, strike and/or open judgment on October 23, 2001. Following a hearing, the trial court entered an order on January 28, 2002, denying Pavidis' petition to strike and/or open judgment, granting Pavidis' petition to stay execution, and ordering that Higgins pay attorney's fees in the amount of $3,894. On January 31, 2002, Higgins filed a motion for reconsideration which was denied by order of court dated February 7, 2002. On February 8, 2002, Higgins filed a motion for post-trial relief. By order dated December 23, 2002, the trial court denied this motion. Higgins filed a timely notice of appeal and now raises the following issues:

I.   Does the singular act of confessing judgment for possession of real property, without the initiation of any further act to levy, execute or garnish, violate the terms of 41 P.S. § 407(a)?

. . .

II.  Did the lower court commit error in awarding attorneys fees pursuant to 41 P.S. § 407(b) when the lower court denied the petition to open and/or strike the confessed judgment and [Higgins] had not acted to levy, garnish or execute upon a judgment confessed for possession of real property?

. . .

III. Is expert testimony incompetent to establish "reasonable attorneys fees" when [Pavidis'] expert witness opinion was founded solely upon the review of a bill and not upon any review of the work product?

. . .

Brief for Appellant, at 4.

## II. DISCUSSION

¶ 4 First, Higgins argues that the trial court erred in finding that "Higgins has not filed any action other than the confession of judgment and is, therefore in violation of 41 P.S. § 407." Brief for Appellant, at 9. Because this issue presents a pure question of law, our review is plenary. *Hoffman v. Troncelliti*, 799 A.2d 68 (Pa.Super.2002) (appellate court exercises

plenary review on questions of law). "The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly." *Id.* at 70, *citing* 1 Pa.C.S. § 1921(1). Higgins contends that the sole act of confessing judgment, without the commencement of any further action to levy, execute or garnish does not violate 41 P.S. § 407(a). *Id.* We agree.

¶ 5 The relevant portions of 41 P.S. § 407(a) provide as follows:

As to any residential real property, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. . . .

41 P.S. § 407(a). As previously stated by this Court in *Continental Bank v. Rosen,* 401 Pa.Super. 285, 585 A.2d 49, 50 (1991), "an elementary reading of the statute would suggest that the protections of the act apply to the attempted execution." Contrary to Pavidis' contentions, the service of notice under Rule 2973.2 of the Pennsylvania Rules of Civil Procedure did not trigger the protections of 41 P.S. § 407(a). *See* Brief for Appellee, at 6. Higgins served notice which he was required to do at least thirty days prior to the filing of a praecipe for a writ of possession. Pa.R.C.P. 2973.2. However, Higgins has not taken steps to collect or enforce the judgment and thus, the statute has not been violated. *Compare Rosen,* 585 A.2d at 50 (where judgment was con-

fessed *and* a writ of execution was filed). This conclusion follows from the language of the statute which clearly presupposes the existence of a "judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment" before the second step of "levy[ing], execut[ing] or garnish[ing]" occurs. This is made all the more clear by the insertion of the word "until" immediately after the language first quoted above and immediately before describing the next step that the plaintiff must take. Because Higgins had only confessed judgment and had not commenced execution proceedings, the trial court erred in finding a violation of 41 P.S. § 407(a).

¶ 6 Next, Higgins argues that the trial court erred in awarding attorney's fees pursuant to 41 P.S. § 407(b). Brief for Appellant, at 11. Due to our resolution of the first issue, we agree that Pavidis is not entitled to attorney's fees.

¶ 7 The relevant portions of 41 P.S. § 407(b) provide as follows:

Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession shall be entitled to recover reasonable attorney's fees and costs as determined by the court.

41 P.S. § 407(b). Without a violation under 41 P.S. § 407(a), attorney's fees cannot be awarded under 41 P.S. § 407(b).[1]

### III.  CONCLUSION

¶ 8 Since 41 P.S. § 407(a) was not violated, it was error to award attorney's fees to Pavidis pursuant to 41 P.S. § 407(b). We

---

1. Due to our resolution of Higgins' second issue, we have no need to address the final issue.

are, accordingly, constrained to reverse the order of the trial court.

¶ 9 Order reversed.